## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Ronald G. Linaburg, | : | Bankruptcy No. 20-22898-CMB |
| | : | |
| Debtor. | : | |
| | : | Chapter 11 |
| Ronald G. Linaburg, | : | |
| | : | Document No.: |
| Movant, | : | |
| | : | Related Claim No.: 4 |
| v. | : | |
| | : | |
| PNC Bank, N.A., | : | |
| | : | |
| Respondent. | : | |

## DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 4

AND NOW, comes the Debtor, Ronald G. Linaburg ("Debtor"), by and through his

counsel, Brian C. Thompson, Esquire, Thompson Law Group, P.C., and hereby objects to Proof

of Claim No. 4, filed by PNC Bank, N.A.  ("Respondent"), and avers as follows:

1.      Movant is the Debtor in the above-captioned bankruptcy case.

2.      On October 9, 2020, Debtor filed for protection under Chapter 11 of the

Bankruptcy Code.

3.      On January 13, 2021 Respondent filed Proof of Claim No. 4 ("Claim"), listing

$650,075.43 as a secured claim for "Money Loaned," secured against real property located at

924 Valleyview Road, Pittsburgh, PA 15243 ("Property").

4.      The Property is owned by Debtor and Non-Debtor Spouse, as tenants by entirety.

5.      However, attached as an exhibit to Respondent's Proof of Claim is the "Choice

Home Equity Line of Credit Agreement" and "Open-Ended Mortgage," both by and between the

Respondent and Debtor, Ronald Linabur, only.  Non-Debtor Spouse did not execute either

document. A true and correct copy of the Agreement and Mortgage are attached hereto as Exhibit "A."

6. Debtor avers mortgage fails to properly secure the loan insomuch as the mortgage was only executed by Debtor, excluding Non-Debtor Spouse, where the Property is jointly owned as tenancy by entireties, thus not creating an equitable lien.

7. "An equitable lien arises from an obligation, usually monetary in nature, owing by one person to another, a *res* to which that obligation attaches, and an intent by **all parties** that the property serve as security for the payment of the obligation." *Kern v. Kern*, 892 A.2d 1, 8 (Pa.Super. 2005); *Hoza v. Hoza*, 302 Pa.Super. 72, 448 A.2d 100 (1982) (emphasis added).

8. "[W]hen a mortgagee fails to properly secure a loan, the equitable remedy of Reformation is unavailable unless bad faith, accident, or mutual mistake can be shown, and in the case of unilateral mistake, the party against whom reformation is sought must be shown to have knowledge of the mistake sufficient to justify an inference of fraud or bad faith." *Regions Mortg., Inc. v. Muthler*, 585 Pa. 464, 469, 889 A.2d 39, 42 (2005)

9. In the instant matter, there is no inference of fraud or bad faith on behalf of the Debtor or Non-Debtor Spouse, thus reformation would not be an available remedy to Respondent.

10. Based on the foregoing, Respondent's Proof of Claim No. 4 should be disallowed as a secured claim, and be designated an unsecured, non-priority claim.

WHEREFORE, Debtor respectfully requests that Proof of Claim No. 4 be disallowed as a secured claim, and be designated an unsecured, non-priority claim.

                                        Respectfully submitted,

Date: <u>November 20, 2020</u>          By:    /s/ Brian C. Thompson
                                               Brian C. Thompson, Esq.

Pa. I.D.: 91197
Thompson Law Group, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
T: (724) 799-8404
F: (724) 799-8409
bthompson@thompsonattorney.com