**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: Ronald G. Linaburg, | ) | Bankruptcy No. 20-22898-CMB |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Carlota M. Böhm |

**DISCLOSURE STATEMENT**
**TO ACCOMPANY PLAN DATED MARCH 29, 2021**

Debtor furnishes this disclosure statement to creditors in the above-captioned matter pursuant to Bankruptcy Code §1125 to assist them in evaluating Debtor's proposed Chapter 11 plan, a copy of which is attached hereto. Creditors may vote for or against the plan of reorganization. Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the order approving the disclosure statement and fixing time. The Court will schedule a hearing on the plan pursuant to 11 U.S.C. §1129.

Address for return of ballots:

Brian C. Thompson, Esquire
Thompson Law Group, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086

**I.    Background**

**1.    Name of Debtor**

Ronald G. Linaburg.

**2.    Type of Debtor**

Debtor is an individual residing in the Commonwealth of Pennsylvania.

**3.    Debtor's Business or Employment**

Debtor Ronald is disabled and retired. He is currently not employed.

**4.    Date of Chapter 11 Filing:**

Chapter 11 Bankruptcy filed on October 9, 2020.

5. **Events that Caused the Filing:**

The Debtor initiated this Chapter 11 case to reorganize business-related debts and obligations associated with the business failure and subsequent bankruptcy filing of 5171 Campbells Land Co., Inc., (19-22715-CMB; United States Bankruptcy Court for the Western District of Pennsylvania) that resulted in multiple legal actions filed against Debtor in various jurisdictions throughout the United States.  At, around or around the time that these alleged business debts associated with 5171 Campbells Land Co., Inc. were incurred, Debtor had suffered from significant injuries after being hit by an automobile while riding a bicycle in his neighborhood.  Debtor has stated and alleged that he was misled to invest in, and financially support, the now defunct 5171 Campbells Land Co., Inc. business venture.

6. **Anticipated Future of the Debtors & Source of this Information and Opinion:**

Debtor has deposited $250,000.00 with Debtor's Counsel in an escrow account held by Thompson Law Group, P.C. on behalf of Debtor, with those funds to be disbursed on the effective date of the confirmed Chapter 11 Plan.   Additionally, the Plan is to be implemented and funded by the reorganized Debtor through exempted tenancy by entireties assets, which have increased in value since Debtor's Bankruptcy case filing date, to the extent of, and only when necessary, to pay any potential deficits in Plan funding.

7. **Summarize all Significant Features of the Plan Including When and How Each Class of Creditor Will Be Paid and What, If Any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan**

A. Class 1, Administrative Claims (Unimpaired).  Claims shall be paid in full on the Plan effective date, if possible, or as soon thereafter as practicable.  Other post-petition administrative claims, including counsel fees and quarterly fees to the United States Trustee will be paid as they become due from time to time and with prior Court approval when required.

B. Class 2, Secured Claims (Unimpaired)

a. Municipality of Mt. Lebanon (Proof of Claim No. 5)

The secured claim of the Municipality of Mt. Lebanon in the amount of $196.31 is secured against the residence of the Debtor known as 924 Valleyview Road, Pittsburgh, PA 15129, and shall be paid in full by lump-sum payment on the Plan effective date.

C. Class 3, Secured Claims[1] (Unimpaired).

---

[1] First National Bank has filed a Proof of Claim No. 3 for unsecured debt related to property owned by related Debtor 5171 Campbells Land Co., Inc.  Debtor signed the promissory note individually relating to financing the purchase of this real property located at 5171 Campbells Run Road, Pittsburgh, PA 15205, but he is not the owner of this real property, which is subject to sale and payment in full

    a.    <u>Dollar Bank Home Mortgage (2059 Pemberton Street)</u>.

The secured claim of Dollar Bank Home Mortgage in the amount of $536,800.00 is secured against the real property of the Debtor known as 2059 Pemberton Street, Philadelphia, PA 19146, and shall be paid over 5 years as part of the Chapter 11 Plan, with 60 equal monthly principal and interest payments of $3,611.80, with lien retained until paid in full.  At the conclusion of the 5-year term, if not paid in full beforehand via sale or otherwise, a balloon payment will be made for any remaining balance still owed at that time.  Debtor's Plan does not contemplate the sale of the 2059 Pemberton Street real property.

    <u>D. Class 4, General Unsecured Creditors (Impaired)</u>.

The general unsecured creditors with unsecured claims in excess of $500.00 shall collectively be paid an aggregate lump-sum payment of Two Hundred Fifty Thousand Dollars ($250,000.00), which is currently being held in an escrow account of Thompson Law Group, P.C., Counsel for Debtor.  This amount exceeds by 500% the amount that the general unsecured creditors would receive in a hypothetical Chapter 7 case under the liquidation alternative test, which would be Forty-Seven Thousand Seven Hundred Fifty-Four Dollars ($47,754.00).  This lump-sum distribution represents an approximate 21% payment of the allowed claims, and it will be paid on the effective date of Debtor's confirmed Chapter 11 Plan, which shall be within 30 days of an order confirming Debtor's Chapter 11 Plan.

    <u>E. Class 5, De Minimis General Unsecured Non-Tax and Tax Creditors (Unimpaired)</u>

The general unsecured non-tax and tax creditors with De Minimis claims not in excess of $500.00 shall be paid Three Hundred Thirty-Seven Dollars and Seventy-Nine Cents ($337.79), a currently estimated 100% of allowed claims, to be paid on the effective date within 30 days of Plan confirmation.

**8.    Are All Monthly Operating Statements Current and on File with the Clerk of Court?**
    Yes <u> X </u> No <u>   </u>

**If Not, Explain:**

---

vis a vis an auction currently scheduled for May 12, 2021 in the 5171 Campbells Land Co., Inc. Bankruptcy Case at 19-22715.  By virtue of that sale, Debtor's general unsecured class amount will be reduced by approximately $712,110.06.

**9. Does the plan provide for releases of non-debtor parties? Specify which parties and terms of release.**

   No.

**10. Identify all executory contracts that are to be assumed, assumed and assigned, or rejected.**
None.

**11. Has an election under 11 U.S.C. §1121(e) been filed with the Court to be treated as a small business?**

   Yes _____    No __X____

**12. Specify property that will be transferred subject to 11 U.S.C. §1146.**

   While no property is currently contemplated to be sold in connection with 11 U.S.C. §1146, Debtor reserves his right to amend the Chapter 11 Plan and do so if appropriate.

## II. Creditors

  A. Secured Claims

| Creditor | Total Amt. Owed (Estimated or claimed) | Arrearages | Type of Collateral Priority of Lien | Disputed Liquidated Unliquidated | Will Liens be Retained Under the Plan (Y) or (N) |
|---|---|---|---|---|---|
| Dollar Bank Home Mortgage | $536,800.00 | $0.00 | 1st Mortgage- Debtor's real property located at 2059 Pemberton Street, Philadelphia, PA 19146 | | Y |
| Municipality of Mt. Lebanon | $196.31 | $0.00 | Municipal Lien – Debtor's real property located at 924 Valleyview Road, Pgh, PA 15129 | | Y |
| Total | $536,996.31 | | | | |

  B. Unsecured Claims

    1. Amount Debtor Scheduled (Disputed and Undisputed)*    $3,710,345.23
    2. Amount of Unscheduled Unsecured Claims    $      6,674.59
    3. Total Claims Scheduled or Filed    $3,732,530.72
    4. Amount Debtor Disputes (Investigation not complete)    $3,093,449.44
    5. Estimated Allowable Unsecured Claims*    $1,273,645.81

  C. Other Classes of Creditors - Priority

    1. Amount Debtor Scheduled (Disputed and Undisputed)    $0.00
    2. Amount of Unscheduled Priority Claims    $0.00

|   |   |                                          |         |
|---|---|------------------------------------------|---------|
|   | 3. | Total Claims Scheduled or Filed         | $0.00   |
|   | 4. | Amount Debtor Disputes                  | $0.00   |
|   | 5. | Estimated Allowable Unsecured Claims    | $0.00   |

D.   Other Classes of Interest Holders

|   |   |                                                      |         |
|---|---|------------------------------------------------------|---------|
|   | 1. | Amount Debtor Scheduled (Disputed and Undisputed)   | $0.00   |
|   | 2. | Amount of Unscheduled Unsecured Claims              | $0.00   |
|   | 3. | Total Claims Scheduled of Filed                     | $0.00   |

(*See also Footnote 1 on page 2 herein)

|   |   |                                          |         |
|---|---|------------------------------------------|---------|
|   | 4. | Amount Debtor Disputes                  | $0.00   |
|   | 5. | Estimated Allowable Unsecured Claims    | $0.00   |

## III. Assets

| Assets | Value | Basis for Value Priority of Lien | Name of Lienholder (if any) (Fair Market Value/Book Value) | Amount of Debtor's Equity (Value Minus Liens, but not considering exemptions) |
|---|---|---|---|---|
| Residence – 924 Valleyview Road, Pgh, PA 15129 | $800,000.00 | Debtor's opinion/comparable sales | Municipality of Mt. Lebanon $196.31 | $399,901.84 |
| Vacant and undeveloped land adjacent to residence – Valleyview Road, Pittsburgh, PA 15219 | $1,500.00 | Debtor's opinion/comparable sales | None | $1,500.00 |
| Rental property – 2059 Pemberton Street, Philadelphia, PA 19146 | $700,000.00 | Debtor's opinion/comparable sales | Dollar Bank $536,800.00 | $81,600.00 |
| 2015 Audi A8 | $19,785.00 | Debtor's opinion/Kelley Blue Book value | None | $9,892.50 |
| Cash | $150.00 | Debtor's actual value | None | $150.00 |
| Checking account PNC Bank | $140.00 | Debtor's estimation/Fair Market Value | None | $70.00 |
| Checking account PNC Bank | $0.00 | Debtor's estimation/Fair Market Value | None | $0.00 |

| Checking account Dollar Bank | $88,492.18 | Debtor's estimation/Fair Market Value | None | $44,246.09 |
|---|---|---|---|---|
| DIP Account Dollar Bank | $250.00 | Debtor's estimation/Fair Market Value | None | $250.00 |
| Financial account G-Research | $2,783,200.00 | Debtor's estimation/Fair Market Value | None | $1,391,600.00 |
| Financial account Schwab | $1,746,911.00 | Debtor's estimation/Fair Market Value | None | $873,455.50 |
| Financial account Schwab | $4,581,989.00 | Debtor's estimation/Fair Market Value | None | $2,290,994.50 |
| Financial account Venator Capital Holdings | $325,568.00 | Debtor's estimation/Fair Market Value | None | $162,784.00 |
| Various Household items | $13,000.00 | Debtor's opinion/estimation | None | $6,500.00 |
| Computer, cell phones, other household electronics | $7,000.00 | Debtor's opinion/estimation | None | $3,500.00 |
| Peloton bicycle, weight lifting equipment | $1,000.00 | Debtor's opinion/estimation | None | $1,000.00 |
| Personal Clothing | $1,000.00 | Debtor's opinion/estimation | None | $1,000.00 |
| Rolex Watch | $5,000.00 | Debtor's opinion/estimation | None | $5,000.00 |
| Wedding Band, gold wrist band | $2,000.00 | Debtor's opinion/estimation | None | $2,000.00 |
| CPAP Breathing Machine | $50.00 | Debtor's opinion/estimation | None | $50.00 |
| IRA G-Research | $4,010,808.0 | Debtor's estimation/Fair Market Value | None | $4,010,808.00 |
| Associated Dental Specialists, Professional Corporation 1000 shares (restricted) | $10,000.00 | Stock restriction agreement | None | $10,000.00 |
| First Capital Housing Partners 8 units (restricted) | $7,600.00 | Stock restriction agreement | None | $7,600.00 |
| L-4, Inc. 50 shares | $3,250.00 | Debtor's opinion/estimation | None | $3,250.00 |

| | | | | |
|---|---|---|---|---|
| Northwestern Mutual Life Insurance ending in 0187 Irrevocable trust (Not an asset of Debtor's bankruptcy estate) | $376,291.00 | Debtor's estimation/Fair Market Value | None | $0.00 |
| Northwestern Mutual Life Insurance ending in 9983 (Irrevocable trust Not an asset of Debtor's bankruptcy estate) | $1,323,529.97 | Debtor's estimation/Fair Market Value | None | $0.00 |
| Medical license | $0.00 | Debtor's opinion/estimation | None | $0.00 |
| Northwestern Mutual Life Insurance | $19,497.00 | Debtor's estimation/Fair Market Value | None | $19,497.00 |
| Northwestern Mutual Life Insurance | $20,657.00 | Debtor's estimation/Fair Market Value | None | $20,657.00 |
| Northwestern Mutual Life Insurance Term life insurance | $0.00 | Actual | None | $0.00 |
| Proof of Claim Claim no. 60 filed in bankruptcy case 19-22715-CMB (5171 Campbell's Land Co., Inc.) | $0.00 | Debtor's opinion/estimation | None | $0.00 |

| | | | | |
|---|---|---|---|---|
| Potential claim against William Kane and other potential known or unknown individuals assocated with 5171 Campbell's Land Co., Inc | Unknown | Debtor's opinion/estimation | None | Unknown |
| Total | $16,048,668.15 | | | $9,347,306.43 |

1. Are any assets which appear on Schedule A or B of the bankruptcy petition or subsequent amendments not listed above?

    No.

    If so, identify asset and explain why asset is not in estate:

2. Are any assets listed above claimed as exempt?

    Yes. Also see Debtor's Amended Schedule C.

## IV. Summary of Plan

1. Effective Date of Plan: Within thirty (30) days of the date of the confirmation order.

2. Will cramdown be sought? Yes. If the votes needed to confirm Debtor's Chapter 11 Plan are not obtained.

3. Treatment of Secured Non-Tax Claims

### SECURED NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| Dollar Bank Home Mortgage | 3 | $536,800.00 | To be paid according to modified terms in the Chapter 11 Plan. |
| Municipality of Mt. Lebanon | 2 | $196.31 | To be paid in full upon approval of Chapter 11 Plan. |
| Total: | | $536,996.31 | |

4. Treatment of Secured Tax Claims

### SECURED TAX CLAIMS[2]

---

[2] Debtor listed on his Schedule E/F the Pennsylvania Department of Revenue as a disputed claim as to him individually relating to the potential personal liability of business taxes allegedly owed by Van Dyk Business Systems, Inc., formerly owned by Debtor. Debtor

8

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| None. | | | |

5. Treatment of Administrative Non-Tax Claims[3]

ADMINISTRATIVE NON-TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| Thompson Law Group, P.C. | $75,000.00 Approximately | P - Attorney for the Debtor – legal fees | Will be paid on plan effective date, if not prior thereto, and thereafter, and only with prior court approval. |
| U.S. Trustee | $0.00 | U.S. Trustee Fees | Will be paid in full on a quarterly or in accordance with applicable guidelines. |

*Identify and Use Separate Line for Each Professional and Estimated Amount of Payment
**Type of Debt (P=Professional, TD=Trade, TX=Taxes)

6. Treatment of Administrative Tax Claims

ADMINISTRATIVE TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| None | | | |

7. Treatment of Priority Non-Tax

PRIORITY NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| None | | | | |

8. Treatment of Priority Tax Claims[4]

PRIORITY TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| None | | | | |

---

will make the appropriate amendments should there be a change in the nature of this disputed debt. To date, no action has been taken against Debtor, and all formal action has been related to Van Dyk Business Systems, Inc.
[3] Include all § 503(b) administrative claims
[4] Include dates when any § 507(a)(7) taxes were assessed.

9. Treatment of General Unsecured Non-Tax Claims

GENERAL UNSECURED NON-TAX CLAIMS IN EXCESS OF $500.00

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Vision Financial Group | 4 | $ 487,282.97 | 38.27% estimated |
| Hitachi Capital America | 4 | $ 129,612.82 | 10.18% estimated |
| PNC Bank | 4 | $ 650,075.43 | 51.05% estimated |
| PNC Bank | 4 | $ 6,336.80 | 00.50% estimated |
| Total | | $1,273,308.02 | |

GENERAL UNSECURED DE MINIMIS NON-TAX CLAIMS NOT IN EXCESS OF $500.00

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Peoples Natural Gas Company LLC | 5 | $337.79 | 100% |

10. Treatment of General Unsecured Tax Claims

GENERAL UNSECURED DE MINIMIS TAX CLAIMS NOT IN EXCESS OF $500.00

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| None | | | |

11. Will Periodic payments be made to unsecured creditors?

Yes _____ No   X   _____   No.  Debtor's Chapter 11 Plan contemplates a lump-sum payment to the unsecured creditors as detailed in the summaries included in Section I.

If so:
    Amount of each payment (aggregate to all unsecured claimants): $250,337.79.
    Estimated date of first payment: effective date (within 30 days of Plan confirmation).
    Time period between payments: Not applicable.
    Estimate date of last payment: Not applicable.
    Contingencies, if any: None known contingencies at this time.

State source of funds for planned payments, including funds necessary for capital replacement, repairs, or improvements:

    Debtor's Counsel is holding in an escrow account titled to Thompson Law Group, P.C., on behalf of Debtor, $250,000.00.  Debtor's Counsel will directly disburse these funds to general unsecured creditors, in accordance with the terms of Debtor's confirmed Chapter 11 Plan on the effective date of the Plan in one lump-sum payment on a pro-rata basis.  The source of funds for all other plan payments will be derived through Debtor's exempted assets, only to the extent the household income of Debtor, including his social security income, will not suffice.

Other significant features of the plan:  None.

Include any other information necessary to explain this plan: None.

## V. Comparison with Chapter 7 Liquidation

If Debtor's proposed plan is not confirmed, the potential alternatives would include proposal of a different chapter 11 plan, dismissal of the case or conversion of the case to Chapter 7. If this case is converted to Chapter 7, a trustee will be appointed to liquidate the debtors' non-exempt assets in the amount of $47,754.00. In this event, all secured claims and priority claims, including all expenses of administration, must be paid in full before any distribution is made to unsecured claimants.

| | |
|---|---|
| Total value of Chapter 7 estate (See Section III) | $ 9,884,302.74 |
| 1. Less secured claims (See IV) | $ 536,996.31 |
| 2. Less minimum exemptions from Schedule C | $ 9,275,000.59 |
| 3. Less estimated administrative expenses (See IV) | $ 100,000.00 |
| 4. (estimated and not including costs of sale/liquidation). | |
| 5. Less other priority claims (See IV) | $ 0.00 |
| 6. Total Amount Available for Distribution to Unsecured Creditors: | $ 0.00 |
| Divided by total allowable unsecured claims of (See Section II B) | $ 1,273,645.81 |
| Percentage of Dividend to Unsecured Creditors: | 0% |

Will the creditors fare better under the plan than they would in a Chapter 7 liquidation?

Yes  X            No _____

Explain:    Liquidation under chapter 7 would result in no distributions to unsecured creditors compared to those distributions provided for in this Plan because of Debtor's exemptions, as well as the costs and fees of administering a liquidation of Debtor's assets and the administrative expenses incurred. The Chapter 11 Plan not only preserves the best value of the Estate, but it also provides for the most effective and efficient disposition and administration of the Debtor's assets. There is a very strong likelihood that no other claims will be paid, except for some secured and administrative claims, under this scenario. The proposed Chapter 11 Plan is in the best interest of the creditors.

## VI. DISMISSAL

Prior to Debtor's Bankruptcy Case being filed, Debtor and the various creditors were engaged in negotiations that failed. Debtor has very little non-exempt assets and valued herein at Forty-Seven Thousand

11

Seven Hundred Fifty-Four Dollars ($47,754.00). He can employ a vigorous legal defense to any claims against him, as well as vigorously defend any action taken by a creditor on a judgment. All of Debtor's general unsecured creditors are alleged individual business debt creditors, and his assets are owned jointly with his spouse as tenants by the entirety. To his knowledge, Debtor does not have any joint unsecured debt with for which his wife is a co-debtor. Under Pennsylvania law, Debtor can, at any time, transfer or convert his exempt assets. A dismissal of Debtor's case would not benefit creditors as it would put creditors back to where they were prior to this case being filed with the prospects of a lot of litigation and little non-exempt assets to pursue. Nevertheless, while the proposed Chapter 11 Plan is in the best interest of creditors, a dismissal of Debtor's Bankruptcy Case in their best interest as compared to a conversion of the Bankruptcy Case to Chapter 7 where no funds would be remaining after secured and/or administrative claims are paid.

VII. **Feasibility**

    A.    If prepared, Income Statements for Prior 12 Months are available on the Court Docket.
    B.    If Prepared, Cash Flow Statements for Prior 12 months are available on the Court Docket.
    C.    Attach Cash Flow Projections for Next 12 months.


Estimated amount to be paid on effective date of plan, not including administrative expenses:

$254,145.90

Show how this amount was calculated:


Monthly plan payments:

    $3,611.80    Dollar Bank first monthly payment (secured)
    $3,611.80    Total monthly plan payment

One time lump-sum payments:

    $250,000.00    General unsecured creditors
    $     337.79    De Minimis unsecured creditors
    $     196.31    Municipality of Mt. Lebanon (secured)
Total lump-sum payments:    $250,534.10

Total estimated payments on effective date: $254.145.90

While not included in the above estimate of payments, Debtor estimates that administrative class payments might be an estimated $100,000.00 or less, in total. Debtor's counsel fees are current, to date, and Debtor has pledged to keep those fees paid and current to the extent that those fees are approved by order of court prior to payment. Fees owed to the United States Trustee are current and Debtor anticipates that those fees will be paid and obligation current on the date of confirmation. Debtor is unaware of any other administrative fees currently owed or anticipated other than accounting fees of $300.00.

What assumptions are made to justify the increase in cash available for the funding of the plan? Not applicable.

Cash on hand $264,140.51    Current amount in Counsel's escrow and IOLTA accounts (redacted version available upon request) plus the amount on hand in Debtor's Debtor in Possession account per his February monthly operating report.

Cash on hand $254,534.10    (Estimated amount available on date of confirmation, to be adjusted, if needed)

Will funds be available in the full amount for administrative expense on the effective date of the plan? Yes

From what source? See above.

If not available, why not and when will payments be made? N/A.

## VIII. Management Salaries

MANAGEMENT SALARIES

| Position/Name of Person Holding Position | Salary at Time of Filing | Proposed Salary (Post-Confirmation) |
| --- | --- | --- |
| None | | |

## IX. Identify the Effect on Plan Payments and Specify Each of the Following:

1. What, if any, Litigation is pending?

| Caption of Suit and Case Number | Nature of Proceedings | Court of Agency Location | Status or Disposition |
| --- | --- | --- | --- |
| US Foods, Inc v. Kane et. al | Civil | United States District Court for Western District of Pennsylvania Case No. 19-946-JFC | Stayed |
| Vision Financial Group, Inc. v. Will Kane et. al | Civil | Allegheny County Court of Common Pleas GD-20-006196 | Stayed |
| Maglin v. 5171 Campbells Land Company, LLC v. William Kane, et. al | Civil | Allegheny County Court of Common Pleas GD-18-004336 | Stayed |
| Foundations Building Materials, LLC v. William Kane et. al | Civil | Allegheny County Court of Common Pleas AR-20-002688 | Stayed |

| Hitachi Capital America Corp. v. Ronald G. Linaburg | Civil | State of Minnesota County of Ramsey District Court, Second Judicial District 62-CV-19-6592 | Stayed |
|---|---|---|---|
| In Re: Ronald G. Linaburg 20-22898 | Bankruptcy | United States Bankruptcy Court for the Western District of Pennsylvania | Pending |
| In Re: Ronald G. Linaburg 20-22898 | Bankruptcy Adversary Case | United States Bankruptcy Court for the Western District of Pennsylvania 21-02037-CMB | Pending |

    2.    What, if any, Litigation is Proposed or Contemplated? Any other litigation, other than the above-listed matters, are currently unknown, and Debtor reserves the right to amend should he become aware of any.

## X. **Additional Information and Comments**

Debtor's proposed Chapter 11 Plan has been proposed in good faith and is feasible, as described herein. Furthermore, the Chapter 11 Plan is in the best interest of creditors.

## XI. **Certification**

The undersigned hereby certifies that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

Date: March 29, 2021          /s/Ronald G. Linaburg
                                      Signature of Debtor

Date: March 29, 2021          /s/Brian C. Thompson
                                      Brian C. Thompson, Esquire
                                      PA-91197
                                      125 Warrendale Bayne Road, Suite 200
                                      Warrendale, PA 15086
                                      724-799-8404 Telephone
                                      724-799-8409 Facsimile
                                      bthompson@thompsonattorney.com

HISTORIC SUMMARY SINCE CASE FILING 2020-2021

| Post Petition Periods | Jan. 2021 | Feb. 2021 | Mar. 2021 | Apr. 2021 | May 2021 | June 2021 | July 2021 | Aug. 2021 | Sept. 2021 | Oct. 2020 | Nov. 2020 | Dec. 2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Cash Flow from Operations: | $82,615 | $5,298 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $35,000 | $40,000 | $50,225 |
| Less Total Disbursements Excluding PMTS to Creditors In a Plan | $67,117 | $23,488 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $9,043 | $30,209 | $42,937 |
| Total Net Cash Flow | 15,498 | ($18,190) | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $25,957 | $9,791 | $7,288.48 |

**Debtor has deposited with Debtor's Counsel, Thompson Law Group, P.C., $250,000. Those funds are being held in escrow pending confirmation of Debtor's Chapter 11 Plan. Other funding needed for Debtor's proposed Chapter 11 Plan is the lump-sum payments of the de minimis unsecured class in the amount of $337.79, and a secured tax lien in the amount of $196.31, for a total of $534.10. Otherwise, the only other payment obligation under Debtor's proposed Chapter 11 Plan is a long-term continuing debt owed to Dollar Bank, which will receive monthly payments of $3,611.80 for no more than 60 months, if not paid in full prior to that 60-month period via sale of otherwise (a sale of this real property is not contemplated nor necessary for feasibility of Debtor's Plan). Any deficit in Debtor's monthly budget will be paid from Debtor's exempt assets, which have increased in value since his Bankruptcy Case was filed and are substantial enough to cover any deficits in Plan funding after the unsecured claims are paid from the funds being held in Debtor's Counsel's escrow account.**

Definitions:

Total Projected Cash Flow from Operations: Total amount of projected funds collected in a specific period from cash sales, collection of accts receivable, and other income, excluding loan proceeds, cash contributions from insiders, and sales taxes collected. For Debtor, the majority of cash flow comes from his use of exempt assets.

Total disbursements excluding payments to creditors in a plan: Total projected disbursements in a specific period for production costs, general and administrative costs, excluding payments to creditors to be paid under the terms of the proposed plan.

.

PROJECTED SUMMARY

| Post Petition Periods | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Projected Cash Flow from Operations: | $42,628 | $42,628 | $42,628 | $42,628 | $42,628 | $42,628 | $42,628 | $42,628 | $42,628 | $42,628 | $42,628 | $42,628 |
| Less Total Projected Disbursements Excluding PMTS to Creditors In a Plan | $34,559 | 3610.00 | 3610.00 | 3610.00 | 3610.00 | 3610.00 | 3610.00 | 3610.00 | 3610.00 | 3610.00 | 3610.00 | 3610.00 |
| Anticipated Cash Flow Available for Plan | $8,069 | $8,069 | $8,069 | $8,069 | $8,069 | $8,069 | $8,069 | $8,069 | $8,069 | $8,069 | $8,069 | $8,069 |

**This projected summary represents an average of the 5 monthly financial reports filed to date and available on the docket in this Case. Debtor's Plan will be funded by the $250,000 being held by Thompson Law Group, P.C., Debtor's Counsel, which will be disbursed on the effective date of the Chapter 11 Plan (within 30 days of Plan confirmation). Therefore, feasibility of Debtor's proposed Chapter 11 Plan does not depend on monthly income, and any potential deficit will be cured with Debtor's use of his exempt assets.**

Definitions:

Total Projected Cash Flow from Operations: Total amount of projected funds collected in a specific period from cash sales, collection of accts receivable, and other income, excluding loan proceeds, cash contributions from insiders, and sales taxes collected.

Total disbursements excluding payments to creditors in a plan: Total projected disbursements in a specific period for production costs, general and administrative costs, excluding payments to creditors to be paid under the terms of the proposed plan.

PLAN FEASABILITY

| Post Petition Periods | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Anticipated Receipts Available for Plan: | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 |
| Less Proposed Plan Payments: | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 | $3,612 |
| Overage/(Shortage) of Cash Flow | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |

**Debtor is paying the general unsecured class via lump-sum payments on the Plan effective date, which will be within 30 days of an order of court confirming Debtor's Chapter 11 Plan. To that end, Debtor's Counsel, Thompson Law Group, P.C., is holding $250,000 in an escrow account to make those disbursements. Therefore, the projected cash flows are only needed to represent the ongoing payment to Dollar Bank as no other funds are necessary. To the extent that additional funds would be necessary, Debtor will use his exempt assets for any monthly deficit.**