**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Ronald G. Linaburg<br><br>        Debtor(s)<br><br><br>PNC BANK, NA<br><br>        Movant<br><br>v.<br><br>Ronald G. Linaburg<br><br>        Respondent | CHAPTER 11<br><br>NO. 20-22898 CMB<br><br>Related Documents: 143, 179, 180<br><br>**MOTION TO VACATE APRIL 7, 2021 DEFAULT ORDER** |

**CREDITOR, PNC BANK NA'S, MOTION TO VACATE**
**THE APRIL 7, 2021 DEFAULT ORDER**

NOW comes PNC Bank, NA ("Creditor"), by and through its Counsel, KML Law Group, P.C. (hereinafter "KML", hereby seeking to vacate the Default Order entered by the Court on April 7, 2021. PNC avers as follows:

1. Relief from an Order is governed by F.R.B.P. 9024, which applies F.R.C.P. 60. Pursuant to the Rules, relief may be granted if there is "mistake, inadvertence, surprise or excusable neglect." F.R.C.P. 60(b)(1). Relief may also be granted for "any other reason that justifies relief." F.R.C.P. 60(b)(6).

2. Under F.R.C.P. 60(b)(1), "determining whether neglect is excusable is an "equitable" determination that "tak[es] account of all relevant circumstances surrounding the party's omission." Such an equitable determination, it reasoned, is consistent with the policies underlying Chapter 11, as "Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors. In overseeing this ... process, the bankruptcy courts are necessarily entrusted with broad equitable powers to

balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization." In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 125 (C.A.3d 1999) (quoting Pioneer Investment Services Co. v. Brunswick Assocs Ltd. Partnership, 507 U.S. 380 (1993)).

3. To make the excusable neglect determination, the Supreme Court has set forth four factors for courts to consider: (a) the danger of prejudice to the debtor; (b) the length of the delay and its potential impact on judicial proceedings; (c) the reason for the delay, including whether it was within the reasonable control of the movant, and (d) whether the movant acted in good faith. Pioneer Investment Services Co. v. Brunswick Assocs Ltd. Partnership, 507 U.S. 380, 395.

4. F.R.C.P. 60(b)(6) provides a mechanism for a Court to vacate a judgment where it would be unjust, inequitable, or a gross miscarriage of justice if the order is allowed to stand.

5. A motion under F.R.C.P. 60(b) is to be filed "within a reasonable time…no more than a year after the entry of the judgment or order." F.R.C.P. 60(c).

6. On January 13, 2021, PNC Bank, NA filed a secured proof of claim for a mortgage on real property located at 924 Valleyview Road, Pittsburgh, PA 15243. The Proof of Claim was docketed on the claims register as Claim Number 4.

7. KML Law Group, P.C. uses computer technology for receiving and processing ECF Notices that are received from the Bankruptcy Court.

8. An entry of appearance was filed in this matter by Maria Miksich.

9. When Mrs. Miksich's ECF account was set-up, it was incorrectly configured so the notices on cases where she had appeared were not being processed correctly and therefore not appearing on our daily reporting.

10. This mis-configuration went unnoticed as another KML attorney had also appeared in most of the cases in addition to Mrs. Miksich so it appeared that notices were being received and processed correctly when in fact they were not for Mrs. Miksich's account.

11. The misconfiguration has been corrected and we have confirmed that notices are now being correctly received and processed.  We have also reviewed the cases that Mrs. Miksich solely appeared in to ensure that no other notices were missed.

12. However, on March 12, 2021, Debtor filed an objection to the Proof of Claim of PNC.

13. Because of the misconfigured email, the notice was not received and processed correctly and KML did not know that the objection had been filed.  As we did not know the objection had been filed we did not advise PNC of the objection and no opposition was filed to the motion.

14. On April 7, 2021 Debtor's counsel filed a certification of not objection and the Court entered a Default Order the same day.

15. PNC has valid defenses to the objection.  Debtor asserts that only he signed the subject mortgage even though the property was owned by him and his non-debtor wife as tenants by the entirety.  He further asserts that the failure of his wife to sign invalidates the mortgage.

16. Contrary to debtor's assertion, the mortgage would still be a valid lien against the debtor and his property as well as his wife's interest in the property.

17. There is no question that the debtor encumbered his interest in the subject property.  In regard to his non-filing spouse, at the very minimum PNC should be afforded an equitable mortgage against her interest.

18. Specifically, Debtor and his non-filing spouse had a prior Home Equity Line of Credit (hereinafter "1st HELOC") with PNC, executed on December 20, 2001 in the amount of $690,000. Both Ronald G. Linaburg and Judith K. Linaburg executed the HELOC.

19. On July 22, 2016, the HELOC that is the subject of this proof of claim (hereinafter "2nd HELOC") was executed by debtor. The proceeds of the 2nd HELOC were utilized to payoff the 1st HELOC.

20. A satisfaction of the 1st HELOC was executed on August 4, 2016 and recorded on 8/10/2016.

21. Accordingly, there is no question that Judith K. Linaburg benefited from the 2nd HELOC; but for the money lent by PNC for the 2nd HELOC, the 1st HELOC would still have encumbered the property and her interest. At worst, PNC should be entitled to the imposition of an equitable mortgage against Judith Linaburg's interest in the subject property.

22. In this case, the facts weigh in favor of a finding of excusable neglect and vacating the order as all four prongs of the Pioneer test set forth by the U.S. Supreme Court are met: (a) The danger of prejudice to the debtor is minimal as the Chapter 11 case is relatively new and there is still on-going litigation in the case; (b) The length of the delay and its potential impact on judicial proceedings is likewise minimal as the delay has been less than two months and the matter; (c) The reason for the delay was a technological error that was unknown to movant; and (d) The movant has acted in good faith in this matter.

23. As such, it would be unjust for the default order to stand as PNC had no notice of it and has meritorious defenses to it. On the contrary, there is no prejudice to the Debtor as the issue as the motion has been filed in a short period of time after the entry of the Order.

WHEREFORE, Creditor, PNC BANK, NA respectfully requests that the April 7, 2021 Default Order be vacate and the objection be set down for a hearing on the objection to the Proof of Claim.

Respectfully submitted,

Dated: 8/9/2021    /s/ Brian C. Nicholas, Esq.
_____
Brian C. Nicholas, Esq. (PA ID: 317240)
KML LAW GROUP, P.C
701 Market Street, Suite 5000
Philadelphia, PA 19106
bnicholas@kmllawgroup.com
201-549-2366
Attorneys for PNC Bank, N.A.