# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: RONALD G. LINABURG, | : | Bankruptcy Case No.: 1:20-22898-CMB |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |
| DIANA M. DONGELL, D.M.D; | : | Document No.: 1:21-02037-CMB |
| RONALD E. HAND, D.M.D; | : | |
| REBECCA L. WATKINS, D.M.D; and | : | Related Documents: |
| RENEE R. KALP, D.M.D., | : | ECF ## 363, 398, 399, 400 & 401 |
| | : | |
| Movants, | : | |
| v. | : | |
| | : | |
| RONALD G. LINABURG, | : | |
| | : | |
| Respondent. | : | |

**STATUS REPORT PURSUANT TO ECF ## 398, 399, 400 & 401**

Diana Marie Dongell, D.M.D., Ronald E. Hand, D.M.D., Rebecca L. Watkins, D.M.D., and Renee R. Kalp, D.M.D., each of whom are a creditor herein (collectively, the "**Minority Shareholder Creditors**"), by and through their counsel, respectfully submit this Status Report pursuant to the Court's directives in the Hearing Memos entered October 15, 2021 (ECF ## 398, 399, 400, 401).

### I. Hearing On Motion To Strike Without Prejudice Debtor's Amendment For Non-Compliance With The Court's Rules And Orders (ECF # 363)

1. On October 14, 2021, the Court conducted a hearing on the Minority Shareholder Creditors' Motion to Strike Without Prejudice Debtor's Amendment for Non-Compliance with the Court's Rules and Orders (the "Motion to Strike," ECF # 363; *see also* ECF # 395).

2. The Court ordered Debtor, by and through his counsel attorney Brian Thompson, "to provide counsel [for the Minority Shareholder Creditors] the service packet by 10/18/2021 showing was served with respect to the amended schedules." (ECF # 395).

3. The Court continued the Motion to Strike generally. (*Id.*).

4. On Monday, October 18, 2021 at 9:01 p.m., attorney Thompson emailed attorney Hicks and provided the documents attached hereto as **Exhibit A** as "the documents requested via the docket."

5. In providing the documents in **Exhibit A**, attorney Thompson explained he is relying solely on the Notice of Electronic Filings (the "NEFs") generated whenever a document is filed on the docket via the Court's CM/ECF system, noting "when a party has a CM/ECF account, they agree to service via same…There is no need for an additional email unless some other document is intended to be separately served."

6. It is clear that Debtor and his counsel misunderstand their obligations to provide proper Notice pursuant to the Court's Rules and Orders on all affected parties, including serving all parties listed in the mailing matrix, and not just those may receive the Court's NEFs.

7. Importantly, it is clear that Debtor did not serve proper Notice, including advising all affected parties of one's right to object to discharge, request a 341 meeting, or file objections to exemptions within 30 days, contrary to the affirmations stated in Debtor's Certificates of Service, Amended Certificates of Service and second Amended Certificates of Service (ECF ## 77, 153, 154, 348, 349, 350, 367, 368 & 369).

8. Debtor's newly filed Amended Statement of Financial Affairs, filed October 8, 2021 (ECF # 370), suffers from the same service defects as Debtor's October 19, 2021 Certificate

of Service, which is identical to Debtor's other certificates of service for his amended schedules. (*See* ECF # 414).

9. Accordingly, the Minority Shareholder Creditors respectfully request that the Court grant without prejudice their Motion to Strike (ECF # 363), and order that Debtor's amendments to Schedules A, B, C, H, I, and J, and the Statement of Financial Affairs (ECF ## 74, 75, 131, 149, 152 & 370) are null and void and should be stricken from the docket without prejudice to Debtor refiling the amendments and then serving and noticing them in compliance with the Court's rules and any then-entered order.

## II. Status Conference Regarding The Status of Discovery

10. Also on October 14, 2021, the Court held a status conference at which time the parties were to advise the Court regarding the status of discovery and when the parties may be ready for further mediation. (ECF # 328 (text-only Order) and ECF # 398, 399, 400, 401).

11. Attorney Hicks advised the Court that the Minority Shareholder Creditors submitted to Debtor on September 16, 2021 their Notice Pursuant to Federal Rule of Bankruptcy 2004 and W.Pa.LBR 2004-1 Of The Examination Of, And Production of Documents By, Debtor (the "2004 Notice"), and that the parties conducted the required meet and confer regarding the 2004 Notice on September 28, 2021.

12. During that meet and confer between Debtor's counsel attorney Thompson, and attorneys Michael Shiner and Carolyn McGee, attorney Thompson advised that he had no objections to the document requests directed to Debtor and that he would work with corporate counsel for ADS regarding the document requests particular to the business.

13. Thereafter, the Minority Shareholder Creditors formally served the 2004 Notice on October 7, 2021 on Debtor, noticing his deposition for the proposed date of November 4, 2021 and

3

requesting that attorney Thompson propose dates for the depositions of the Minority Shareholder Creditors. A true and correct copy of the as-served 2004 Notice is attached hereto as **Exhibit B**.

14. Between September 28, 2021 and the date of the status conference on October 14, 2021, despite counsel's repeated inquiries to attorney Thompson regarding the status of Debtor's and ADS's document productions and the scheduling of depositions, no response was received.

15. As a result of the October 14, 2021 status conference, Debtor was ordered "to supply items requested that Debtor can provide so that 2004 can go forward." The Debtor's documents "are to be delivered Monday, 10/18/21. If Attorney Hicks does not get what he wants by Monday, then draft a letter on Tuesday to Attorney Thompson and advise the Court of the status regarding compliance." (ECF ## 398, 399, 400, 401).

16. As reflected in **Exhibit B**, the Minority Shareholder Creditors requested the following documents from the Debtor in Requests ## 1-6, in order to a fair and fulsome Rule 2004 examination:

1. Debtor's bank statements, both business and personal, for each of Debtor's accounts listed on his Schedule C (ECF # 75) for the time period since those accounts were opened through the present;

2. The account agreements and signature and/or registration cards for any and all bank accounts listed on Debtor's Schedule C (ECF # 75);

3. Debtor's federal, state, and local income tax returns for the tax years 2016 through the present, including without limitation all schedules, amendments, Form W-2s, Form 1099s, and other related tax documents and information, including all communications with the pertinent taxing authorities concerning such returns, schedules, amendments, forms, and related tax documents and information;

4. To the extent not produced as part of any other litigation involving the Minority Shareholder Creditors, Debtor's business records for ADS dating back to March 1, 2017 to the present, including but not limited to:

    a) Records of payments received by Debtor and his wife, children, and/or other relatives or family members from ADS;

        b)    Detailed records of what each payment from ADS to Debtor and his wife, children, and/or other relatives or family members, was spent on, including a compilation of all notes, entries, invoices, receipts, etc., for materials or goods purchased; and

        c)    Detailed records of what each payment from ADS to persons other than Debtor and his wife, children, and/or other relatives or family members, was spent on, including a compilation of all notes, entries, invoices, receipts, etc., for materials or goods purchased.

5.    To the extent not produced as part of any other litigation involving the Minority Shareholder Creditors, Debtor's business records for DSS dating back to September 1, 2018 to the present, including but not limited to:

        a)    Records of payments received by Debtor and his wife, children, and/or other relatives or family members from DSS;

        b)    Detailed records of what each payment from DDS to Debtor and his wife, children, and/or other relatives or family members, was spent on, including a compilation of all notes, entries, invoices, receipts, etc., for materials or goods purchased; and

        c)    Detailed records of what each payment from DDS to persons other than Debtor and his wife, children, and/or other relatives or family members, was spent on, including a compilation of all notes, entries, invoices, receipts, etc., for materials or goods purchased.

6.    To the extent not produced as part of any other litigation involving the Minority Shareholder Creditors, Debtor's business records for ESP dating back to its date of formation through the present, including but not limited to:

        a)    Records of payments received by Debtor and his wife, children, and/or other relatives or family members from ESP;

        b)    Detailed records of what each payment from ESP to Debtor and his wife, children, and/or other relatives or family members, was spent on, including a compilation of all notes, entries, invoices, receipts, etc., for materials or goods purchased; and

        c)    Detailed records of what each payment from ESP to persons other than Debtor and his wife, children, and/or other relatives or family members, was spent on, including a compilation of all notes, entries, invoices, receipts, etc., for materials or goods purchased.

17.    The remaining document requests in Requests ## 7-19 pertain to business of ADS.

18. As of October 19, 2021, the only documents produced by Debtor include the following:

    a. Debtor's personal tax returns for the years 2016 through 2020;

    b. two (2) bank statements dated September 1, 2020 and October 1, 2020 for a Dollar Bank checking account;

    c. one (1) bank statement for a month ending October 9, 2019 for a PNC interest checking account;

    d. a deed recorded 2010 for Debtor's Valleyview Road property transferring title from Debtor to Debtor and his spouse jointly;

    e. a 2004 deed to the vacant lot owned by Debtor adjacent to his Valleyview Road property; and,

    f. a 2017 deed to Debtor's Pemberton Street property in Philadelphia.

19. Importantly, among other missing documents, Debtor has failed to produce all of his bank statements, both business and personal, for each of Debtor's accounts listed on his Schedule C (ECF # 75) for the time period since those accounts were opened through the present.

20. The three (3) months of bank statements provided do not include any backup information regarding the deposits and debits from those accounts.

21. With regard to Request # 3, while Debtor has produced the tax returns for the years requested (with the tax return for 2020 being produced on October 19, 2021), he has not produced any of the other accompanying documentation regarding his federal, state, and local income tax returns.

22. Debtor has not produced any records responsive to Requests ## 2, 4, 5, and 6.

23. Despite attorney Thompson's earlier representation on September 28, 2021 that the documents responsive to Requests ## 1-6 would be produced, and despite Debtor's failure to timely submit any written objections to the 2004 Notice, for the first time on October 18, 2021 via

an email Debtor raised an objection "to the proposed general nature of the request for bank statements as vague, overly burdensome and/or outside the scope."

24. In so doing, Debtor advised he believes he has produced everything requested from the Debtor individually.

25. In light of Debtor's materially inadequate document production in response to the 2004 Notice, the Minority Shareholder Creditors provided a copy of this Status Report to Debtor's counsel prior to filing and again requested that the documents sought by Requests ## 1-6 be promptly produced, in accordance with the Court's directives that attorney Hicks write attorney Thompson a letter if he "does not get what he wants by Monday." (*See, e.g.* ECF # 398).

26. As of the filing of this Status Report, the Minority Shareholder Creditors have not received any further production of documents from Debtor individually.

27. With regard to the documents in the possession of ADS, despite the Minority Shareholder Creditor's repeated inquiries regarding the same over the past three weeks (since the September 28, 2021 meet and confer), no response has been provided as to the status of those documents responsive to Requests ## 7-19.

Respectfully submitted,

Dated: October 19, 2021

*/s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr., Esquire
Pa. I.D. No. 49520
RHicks@porterwright.com
Carolyn B. McGee, Esquire
Pa. I.D. No. 208815
CBMcGee@porterwright.com

PORTER WRIGHT MORRIS & ARTHUR LLP
6 PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500

*Counsel for Diana Marie Dongell, D.M.D.*

*and*

*/s/ Michael A. Shiner*
Michael A. Shiner, Esquire
Pa. I.D. No. 78088
mshiner@tuckerlaw.com
Maribeth Thomas, Esquire
Pa. I.D. No. 208376
mthomas@tuckerlaw.com

TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

*Counsel for Ronald E. Hand, D.M.D., Rebecca L. Watkins, D.M.D. and Renee R. Kalp, D.M.D.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 1:20-22898-CMB |
| | : | |
| RONALD G. LINABURG, | : | Chapter 11 |
| | : | |
| Debtor. | : | The Honorable Carlota M. Böhm |
| | : | Chief U.S. Bankruptcy Judge |

## CERTIFICATE OF SERVICE

I, Ronald L. Hicks, Jr., Esquire, hereby certify that, on the 19th day of October, 2021, I served or caused to be served a true and correct copy of the foregoing document upon all parties in interest via the Court's electronic CM/ECF notification system, as follows:

Ronald G. Linaburg
924 Valleyview Road
Pittsburgh, PA 15243
*Debtor*

Brian C. Thompson, Esquire
Thompson Law Group, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
*Debtor's Counsel*

Jodi L. Hause, Esquire
Office of the United States Trustee
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222
*United States Trustee*

Dated: October 19, 2021          PORTER WRIGHT MORRIS & ARTHUR LLP

*/s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr., Esquire
Pa. I.D. No. 49520
RHicks@porterwright.com

Carolyn B. McGee, Esquire
Pa. I.D. No. 208815

CBMcGee@porterwright.com

6 PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500

*Counsel for Diana Marie Dongell, D.M.D.*