# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No.: 20-22898-CMB |
|     Ronald G. Linaburg, | ) | |
| | ) | Chapter 11 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | Document No.: |
| Diana M. Dongell, D.M.D.; | ) | |
| Ronald E. Hand, D.M.D.; | ) | |
| Rebecca L. Watkins, D.M.D.; and | ) | |
| Renee R. Kalp, D.M.D., | ) | |
| | ) | Related to Document No.: 415 |
|     Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ronald G. Linaburg, | ) | |
| | ) | |
|     Respondent. | ) | |

## DEBTOR'S RESPONSE
## TO STATUS REPORT PURUSANT TO EFC ##398, 399, 400 & 401

AND NOW comes Debtor/Respondent, by and through his attorney Brian C. Thompson, Esquire, Thompson Law Group, P.C., and files this Response to Status Report Pursuant to ECF ##398, 399, 400 & 401 representing as follows:

Whereas on October 19, 2021, Movants filed a Status Report related to 1. Movants' Motion to Strike amended schedules and 2; "Status of Discovery" related to a proposed 2004 Examination;

Whereas, in Movants' status report, Movants' Counsel omits certain pertinent information and makes other factual misrepresentations necessitating a response.

Whereas, on October 18, 2021, Debtor's Counsel invited Movants' Counsel to communicate to attempt to resolve any dispute or provide a list of items still needed in hopes of avoiding judicial intervention.

Whereas, without prior communication, inquiry or consultation with Debtor's Counsel, Movant filed the Status Report seeking relief that is not warranted and doing so without proper notice and hearing to a matter that was already continued generally by the Court.

Whereas, Debtor represents the following in response and opposition to the relief requested in Movants' Status Report and places the same of record:

### I. Hearing on Motion To Strike Without Prejudice Debtor's Amendment For Non-Compliance With the Court's Rules and Orders (ECF #363)

1. Admitted in part.  The Court also considered Debtor's Response to the Motion to Strike (Doc. 371) and held argument regarding same on October 14, 2021.  Debtor hereby incorporates by reference that Response and argument.

2. Admitted.

3. Admitted.

4. Admitted in part. As communicated to Movants' Counsel on October 15, 2021, Debtor's son had a friend who tested positive for COVID-19.  Movants' Counsel was informed that, as a result, Debtor's Counsel would be working from home and additionally short-staffed for other reasons. Nevertheless, Debtor's Counsel worked through these limitations to seek compliance with the Court's directive.  As a result, Debtor's Counsel was indeed working Monday evening and night and provided Movants' Counsel with the requested documents.

5. Denied.  Debtor's Counsel does not, and has not, solely relied on service via Notice of Electronic filing (NEF), and that is not reflected in the record.  Possibly confused,

Movants' Counsel has repeatedly demanded separate email communications sent to NEF recipients related to online docket filings that those parties that would have already received.

6.  Denied. Debtor's Counsel has indicated that proper notice and service was provided as applicable to the corresponding filings and filed of record on the Docket in this matter. Strict and specific proof of any alleged improper service is demanded, as a ruling on the administration of Debtor's case cannot be made without a factual finding. The daily administration of a bankruptcy case is generally not a matter of judicial intervention. No evidence of improper service has been provided by Movants.

7.  Denied. Movants state that it is "clear" that Debtor did not serve proper notice yet offer no evidence in support of an allegation that is allegedly "clear." To the contrary, the filings on the docket indicate otherwise.

8.  Denied. The Amended Statement of Financial Affairs is not a new document, but it was refiled because a corresponding certificate of service had not been filed, while service was completed. This is the lone deficiency regarding that amended schedule. Movants have no factual evidence to support their request for relief.

9.  Paragraph 9 is a conclusion of law and is denied as set forth. The amended schedules referenced were properly served and noticed. Only the Amended Statement of Financial Affairs was deficient in so much as there was a failure to file a certificate of service on the docket. With the same Amended Statement of Financial Affairs being refiled and served, the request to strike that amended document is moot.

Moreover, Debtor once again asserts that Movants request for relief related to this matter lacks standing and is barred by the doctrine of laches. Movants were aware of Debtor's Bankruptcy Case as early of November 2020 yet failed to enter an appearance until March

2021. Over 6 months passed after finally entering their appearances before Movants raised any allegation, albeit the factually baseless allegation regarding improper service of notice of amended schedules filed over 7 months ago. These baseless allegations have prejudiced, and continue to prejudice Debtor, Debtor's estate, creditors, and parties in interest, and are furthermore judicially inefficient.

        **II.**        **Status Conference Regarding the Status of Discovery**

10.        Admitted.

11.        Admitted in part. It is admitted that Counsel to all parties advised the Court and participated in a discussion regarding a proposed 2004 Examination and the record speaks for itself.

12.        Denied. Debtor's Counsel did, in fact, and has continued to, voice numerous objections to the draft 2004 Notice that was previously provided, as well as the final 2004 Notice, including on September 28, 2021. Furthermore, while there had been ongoing discussions prior to that date, the September 28, 2021, meet and confer was not supposed to be the last communication between the parties. The discussion on September 28, 2021, did not resolve the objections and concluded with Debtor's Counsel stating that there should be a continued effort to resolve the outstanding objections and agree on dates to conduct a deposition of Debtor and Movants.

13.        Denied in part. Movants did serve their 2004 Notice on October 7, 2021. Additionally, with no consultation, Movants noticed Debtor's examination for November 4, 2021, without any agreement that November 4 is a date that would be available for Debtor, Debtor's Counsel and Counsel to the three unrelated non-filing corporate entities referenced in the 2004 Notice. It is further denied that the October 7, 20201 communications included a

request for Debtor's Counsel to propose dates to conduct the depositions of the minority shareholders. Conversely, Debtor's Counsel has requested deposition dates repeatedly and on numerous occasions but has never received a response providing available dates.

14. Denied. There were two requests for an update on October 4, 2021, and then on October 7, 2021, which was included in the final 2004 Notice served. Be that as it may, on October 4, 2021, Debtor's Counsel communicated with Movants' Counsel regarding the request for an update and received a response that included: "Thank you for the update."

15. Admitted.

16. Denied in part. Debtor is unsure what Movants are describing as it relates to a "fair and fulsome" Rule 2004 examination but the requests, nevertheless, speak for themselves.

17. Denied. It is denied that requests made in paragraphs 7 through 19 only pertain to the business of ADS, as there are also requests that relate to entities known as DSS and ESP, and entity that Debtor has no interest in.

18. Admitted in part. Notwithstanding, and without waiver of any formal objection to the 2004 Examination Notice that is not due until October 21, 2021, according to Local Bankruptcy Rule 2004-1, Debtor has provided the documents listed. Local Bankruptcy Rule 2004-1 further sets forth the process related to a 2004 Examination and an objection thereto. Debtor intends to provide a detailed written objection to the 2004 Examination Notice and this Response is not intended to substitute or waive any objections to be made therein.

19. Denied. It is denied that Debtor failed to produce. Notwithstanding any objections related to discovery sought from ADS, DSS and ESP, and Debtor's formal objection not yet due, he has already communicated his objection to the vagueness of the request related to bank account statements, a request that is completely unlimited in scope in the 2004 Examination

Notice and involves unrelated entities the Debtor does not control. In fact, Debtor's Counsel offered on October 18 to discuss the scope and relevance of this matter with Movants' Counsel to determine if the issue could be resolved. No response was received. As it is, Debtor's Notice only requested "bank statements", and the most pertinent statements to provide without waiver of objection would be the bank account statements applicable to time-period in which this Bankruptcy Case was filed. To the extent that the September 2019 instead of 2020 bank account statement was provided, this matter could have easily been resolved if Movants' Counsel would have responded to Debtor's Counsel's request and made a telephone call.

20. Admitted in part. Without waiver of objection to the 2004 Examination Notice Debtor did provide bank account statements as requested as they were provided to him by the bank administering those accounts. There was no request for anything further other than "bank statements", to the extent that those documents exist. To the extent further inquiry was needed, again, Movants' Counsel failed to respond to an offer to discuss any outstanding matters.

21. Denied. The tax returns provided include the supporting documentation related to the federal, state and local tax income tax return filings. To the extent that there is a specific document related to those filings that is believed to be missing, Movants' Counsel has not provided those details or attempted to communication regarding same.

22. Admitted in part. To the extent the records requested exist, Debtor maintains various legal objections to these requests.

23. Denied. Debtor's Counsel consistently stated that Debtor maintains various objections to the 2004 Examination Notice, as well as the unrelated business entities. It is additionally denied that Debtor's written objections, to be provided in accordance with Local Rule 2004-1, will be untimely.

24.     Admitted in part.  Debtor's Counsel further advised Movants' Counsel that contact him to discuss any questions or discrepancies related to the informal document production, as it were.

25.     Denied.  It is denied that a copy of the Status Report was provided to Debtor's Counsel prior to filing.  It is further denied that Debtor's Counsel received a letter or any communication whatsoever to attempt to resolve these matters before filing the Status Report.

26.     Denied in part.  Given the misrepresentations in paragraph 25, the time frame alleged in paragraph 26 is unclear.

27.     Admitted in part.  Movants' Counsel is aware of objections as to the 2004 Examination related to the unrelated ADS, DSS and ESP entities as known to Debtor's Counsel.  In fact, Debtor's Counsel referenced objections on the record at the October 14 hearing and provided at least one example given the time restraints of that hearing.  Moreover, Movants' Counsel was informed that Debtor does not control, nor have an interest in the ESP entity.  Additionally, Counsel to ADS and DSS do not represent ESP.  It is believed that ESP has not been served with the 2004 Examination Notice.

28.     By way of further response, Movants have been aware of Debtor's Bankruptcy case since November 2020.  They chose to not enter an appearance or attend the Section 341 Meeting of Creditors, despite every opportunity to question the Debtor regarding his financial matters on that date and at that time.  Additionally, despite having nearly a year to seek a 2004 Examination, Movants failed to do so until now, and they have now done so in an improper manner.  They seek to subvert the rules related to the 2004 Examination and conduct an expedited fishing expedition at the expense of Debtor's rights and defenses based on their own unreasonable delay in seeking discovery.  Lastly, they are seeking a form of discovery not

permissible according to the Local Bankruptcy Rule 2004-1, as will be further outlined in Debtor's objections to the 2004 Examination Notice. In the interim, Debtor will continue to cooperate and provide any additional information informally and hope to resolve any outstanding matters with Movants.

Respectfully submitted,

Date: October 20, 2021

By: /s/ *Brian C. Thompson*
Brian C. Thompson, Esquire
PA I.D. 91197
Thompson Law Group, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
724-799-8404 Telephone
724-799-8409 Facsimile
bthompson@thompsonattorney.com