# UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 20-22898-CMB |
| RONALD G. LINABURG, | Chapter 11 |
| Debtor. | Related to ECF # 374 |
| RONALD G. LINABURG, | Related Claim No. 11-4 |
| Movant, | |
| v. | The Honorable Carlotta M. Böhm |
| | Chief Bankruptcy Judge |
| DIANA M. DONGELL, D.M.D. | |
| | Hearing: December 13, 2021 at 2:30 p.m. |
| Respondent. | Response Deadline: November 8, 2021 |

### RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 11 (ECF # 374)

Creditor, Diana Marie Dongell, D.M.D. ("Dongell"), by and through her undersigned counsel, respectfully submits the within Response in Opposition to Debtor's Objection to her Amended Proof of Claim No. 11-4 (ECF # 374), and in support thereof, states the following:

1. Ronald G. Linaburg, D.M.D. (the "**Debtor**") is the majority shareholder, President and sole director of Associated Dental Specialists, Inc. ("**Associated Dental**"). In such capacity, since the beginning of Dongell's employment with ADS, Debtor has held complete control and discretion over the finances and expenses of ADS, to the severe detriment of Shareholder Creditor.

2. Dongell is one of four minority shareholders of Associated Dental, owning 9.2% of its shares. The three other minority shareholders are Creditors Renee Kalp, D.M.D., Rebecca L. Watkins, D.M.D., and Ronald E. Hand, D.M.D. (together with Dongell, the "**Minority Shareholders Creditors**").

3. On October 9, 2020, Debtor filed his voluntary petition for relief (the "**Petition**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, at the above-captioned case number.

4. Debtor failed to list Dongell as a creditor in his Schedules and did not include Dongell on the Mailing Matrix. In fact, to this day, Debtor has not amended or updated the Mailing Matrix in order to include the Minority Shareholder Creditors.

5. On March 8, 2021, Dongell (along with the three other Minority Shareholder Creditors) filed a Petition Seeking Order Compelling Inspection of Company Books and Records and Appointment of a Custodian for the Company (the "**Petition**"), as amended on March 9, 2021, against Associated Dental in the Court of Common Pleas of Allegheny County at Case No. GD-21-001958 (the "**State Court Action**").[1]

6. On April 13, 2021, Dongell filed her Proof of Claim at Claim No. 11 on the Claims Register ([Claim No # 11-1](#)). Dongell filed an Amended Claim on May 3, 2021 ([Claim No. 11-2](#), the "First Amended Claim"), setting forth her unsecured claim against Debtor arising out of his fraud and defalcation in his gross mismanagement of the practice of ADS. (*See* [Addendum to Proof of Claim No. 11-1)](#). A copy of the Petition was attached to the First Amended Claim.

7. Debtor filed an objection to the First Amended Claim, asserting that the First Amended Claim (1) was unsubstantiated because Dongell failed to attach the Minority Shareholder's Employment Agreement (the "**MS Agreement**"), and (2) was based upon a "vague assertion of some unsupported fraud, of which Debtor vehemently denies." ([ECF # 314](#), at ¶¶ 9, 15.). Importantly, Debtor is undoubtedly in possession of the MS Agreement, as the author and a signatory thereto.

---

[1] The other plaintiffs in the State Court action are the other three Minority Shareholder Creditors.

8. In response to that objection, Dongell filed a second amended claim on September 13, 2021 at Claim No. 11-4 (Claim No. 11-4, the "**Second Amended Claim**"), asserting a claim in the amount of $200,000.

9. The demand set forth in the Second Amended Claim is based upon the results of a forensic accounting investigation resulting from alleged malfeasance by the Debtor in causing Associated Dental to make improper distributions to and for the benefit of the Debtor, which reduced the earnings of Associated Dental, and thus the compensation paid to Dongell.

10. On October 8, 2021, the Debtor filed an objection to the Second Amended Claim (ECF # 374, the "**Objection**"), asserting substantially the same arguments that were raised with respect to the First Amended Claim—that (1) even though the Second Amended Claim "finally" attached the supporting documentation to the filed claim, Dongell should be precluded from amending the Second Amended Claim to include that documentation, and (2) the Second Amended Claim is based upon a "vague, and argumentatively without merit, claim of some fraud and mismanagement of the ADS practice that is completely unsupported by evidence of any kind." (ECF # 374 at ¶¶ 13-18).

11. For the following reasons, the Objection should be overruled.

## STANDARD OF LAW

12. A proof of claim filed in a bankruptcy case is deemed allowed unless a party in interest objects to such claim. 11 U.S.C. § 502(a).

13. Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "**Rule(s)**") governs the filing of proofs of claim.

14. "A proof of claim which comports with the requirements of Bankruptcy Rule 3001(f) constitutes *prima facie* evidence of the validity and amount of the claim." *In re Brown*,

82 F.3d 801, 805 (8th Cir. 1996); *In re Heritage Highgate, Inc.*, 679 F.3d 132, 140 (3d Cir. 2012). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *In re Brown,* 82 F.3d at 805; *In re Brown*, 244 B.R. 603, 609-10 (Bankr. W.D. Va. 2000).

15. To rebut the presumptive validity of a proof of claim, the objecting party must set forth "substantial evidence" and the burden of production then shifts back to the claimant. *In re Brown*, 82 F.3d at 805.

16. Once the burden is shifted, the claimant must satisfy the evidentiary requirements of non-bankruptcy law that originally governed the claim. *Raleigh v. Illinois Dept. of Rev.*, 530 U.S. 15, 120 S.Ct. 1951, 1956 (2000).

17. Rule 3001 does not require that a claim be filed with specificity or precision; instead, the proof of claim merely "must contain a demand by the creditor against the debtor's estate, and an intent to hold the debtor's estate liable." *Liakas v. Creditors' Committee*, 780 F.2d 176, 178 (1st Cir. 1986).

### RESPONSE TO OBJECTION

18. Dongell's Second Amended Claim complies with Rule 3001 as it sets forth a demand against Debtor's bankruptcy estate and an intent to hold the estate liable for that demand. Fed. R. Bankr. P. 3001.

19. At the time that the Claim was filed, the amount of the Claim was unknown, as it was based upon damages asserted in the State Court Action and an investigation that was ongoing through the request for and production of documents in that matter.

20. The demand for an unliquidated amount was based upon the allegations set forth against ADS in the Petition, and those allegations are summarized and referenced in the Addendum attached to the Claim. (*See* [Addendum to Proof of Claim No. 11-1](Addendum to Proof of Claim No. 11-1))

21. Since the Claim was filed, some of ADS's corporate books and documents were produced by ADS to the Minority Shareholders. Based on the review of that information currently available, it has become apparent Debtor has used and/or is using the finances of ADS to fund and pay for his legal fees entirely unrelated to ADS, and the excessive living expenses for himself, his wife and his adult children, among other things. The corporate records of ADS produced thus far to the Minority Shareholders reveal that Associated Dental's finances, by and through Debtor and its Business Manager John Hischar, have been severely and seriously mismanaged.

22. Debtor's Objection is primarily centered on the Debtor's contention that the failure of Dongell to attach the MS Agreement to the claims is a fatal flaw that Dongell should be precluded from rectifying. Debtor is (and should be) in actual possession of the MS Agreement because, importantly, he is a party to that agreement and directed its preparation, and the agreement remains in his possession as the President of Associated Dental.

23. Furthermore, it is the Petition—not the MS Agreement—on which the original Claim is based. The Petition sets forth the allegations of mismanagement, fraud, and oppression against ADS. The MS Agreement, if not presently and readily accessible in the Debtor's records (which it is), could be obtained through proper discovery in the State Court Action, which the Debtor has caused to be delayed on numerous occasions.

24. This argument—now raised for the second time by the Debtor, despite the fact that the Debtor is in actual possession of the MS Agreement because, importantly, he is a party to the same—is wholly without merit and contrary to established case law.

25. The majority of courts routinely permit a claimant to amend her claim to include supporting documentation, when available. *In re Kincaid*, 388 B.R. 610, 617 (Bankr. E.D. Pa. 2008) ("Most courts appear to allow the claimants to amend their claims to provide the necessary documentation if they are able to do so."); *see also In re Taylor*, 363 B.R. 303, 310 (Bankr. M.D. Fla. 2007); *In re Shank*, 315 B.R. 799, 813–14 (Bankr. N.D. Ga. 2004).

26. This issue was addressed, and thoroughly explained, by the Court of Appeals for the Seventh Circuit in its *Matter of Stoecker*, 5 F.3d 1022 (7th Cir. 1993) decision:

> Turning to the merits, we can dispose quickly of the trustee's contention that the bankruptcy judge was right to disallow the proof of claim, without leave to amend, because compliance with Rule 3001 is "mandatory." All that the rule says, so far as bears on this case, is that the filing of a proof of claim with the required documentation is prima facie evidence that the claim is valid. If the documentation is missing, the creditor cannot rest on the proof of claim. ***It does not follow that he is forever barred from establishing the claim. Nothing in the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error.*** Forfeitures of valuable claims, and other heavy sanctions, should be reserved for consequential or easily concealed wrongs. A creditor should therefore be allowed to amend his incomplete proof of claim (what is often called an "informal proof of claim") to comply with the requirements of Rule 3001, provided that other creditors are not harmed by the belated completion of the filing.

5 F.3d at 1027–28 (7th Cir. 1993) (internal citations omitted).

27. Accordingly, there is no basis to either preclude Dongell from filing the Second Amended Claim to include additional supporting documentation as demanded by the Debtor or to disallow the Second Amended Claim in its entirety.

28. To this end, on October 27, 2021, Dongell filed a civil Complaint against Associated Dental and John Hischar on October 27, 2021 in the Court of Common Pleas of Allegheny Count at case no GD 21-007941 stating claims for breach of contract and for violation

of Pennsylvania's Wage Payment and Collection Law, 43 P.S. §§ 206.2a, 260.3, 260.4, 260.9a, and 260.10, seeking damages for claims arising in 2017 and continuing through 2021 (the "**Complaint**").

29. Dongell employed a forensic accountant to calculate the amount of her damages. Based upon the forensic accountant's review of the relevant financial records of ADS presently available to Dongell as produced in litigation, Dongell is now able to assert that the actual amount of the Claim is at least $300,000.00 and likely much more, plus the reasonable costs and attorney's fees she has incurred.

30. In light of the same, simultaneously with the filing of this Response, Dongell is submitting a Third Amended Proof of Claim (Claims Register No. 11-5) in order to supplement her Proof of Claim with the damages she is seeking arising out of Debtor's conduct as described in the Complaint between 2017 through the date on which Debtor's Petition was filed on October 9, 2020. Any wages due or other claims that exist post-October 9, 2020 are not included in Dongell's Claim.

31. For the foregoing reasons and authorities, Debtor's Objection to Dongell's Claim No. 11 should be overruled as being without any merit.

WHEREFORE, Creditor, Diana Marie Dongell, D.M.D., respectfully requests that this Honorable Court issue an Order overruling the Debtor's Amended Objection to Proof of Claim No. 11 (ECF # 374), and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 8, 2021            PORTER WRIGHT MORRIS & ARTHUR LLP

*/s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr., Esquire
Pa. I.D. No. 49520
RHicks@porterwright.com

Carolyn B. McGee, Esquire
Pa. I.D. No. 208815
CBMcGee@porterwright.com

6 PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500

*Counsel for Shareholder Creditor
Diana Marie Dongell, D.M.D.*

# UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 20-22898-CMB |
| | : | |
| RONALD G. LINABURG, | : | Chapter 11 |
| | : | |
| Debtor. | : | Related to ECF # 374 |
| | : | Related Claim No. 11-4 |
| | : | |
| | : | Hearing: December 13, 2021 at 2:30 p.m. |
| | : | Response Deadline: November 8, 2021 |
| RONALD G. LINABURG, | : | |
| | : | |
| Movant, | : | |
| v. | : | |
| | : | |
| DIANA M. DONGELL, D.M.D. | : | |
| | : | |
| Respondent. | : | |

## ORDER OF COURT

AND NOW, this ____ day of _____, 2021, upon consideration of the Debtor's Objection to Proof of Claim No. 11 (ECF # 374, the "**Objection**"), and Creditor, Diana Marie Dongell, D.M.D.'s Response in Opposition thereto filed on November 8, 2021, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the Objection to Proof of Claim No. 11 (ECF # 374) is **OVERRULED**.

BY THE COURT:

_____
CARLOTA M. BÖHM, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

**UNITED STATES BANKRUPTCY COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No. 20-22898-CMB |
| | : | |
| RONALD G. LINABURG, | : | Chapter 11 |
| | : | |
| Debtor. | : | Related to ECF # 374 |
| | : | Related Claim No. 11-4 |
| | : | |
| | : | Hearing: December 13, 2021 at 2:30 p.m. |
| | : | Response Deadline: November 8, 2021 |
| RONALD G. LINABURG, | : | |
| | : | |
| Movant, | : | |
| v. | : | |
| | : | |
| DIANA M. DONGELL, D.M.D. | : | |
| | : | |
| Respondent. | : | |

**CERTIFICATE OF SERVICE**

I, Ronald L. Hicks, Jr., Esquire, hereby certify under penalty of perjury that on this 8th day of November, 2021, I served or caused to be served a true and correct copy of the foregoing document upon all parties in interest via the NEF generated by Court's electronic CM/ECF notification system, as follows:

Donna M. Donaher on behalf of Creditor
First National Bank of Pennsylvania
donaherd@fnb-corp.com

Keri P. Ebeck on behalf of Creditor
Duquesne Light Company
kebeck@bernsteinlaw.com,
jbluemle@bernsteinlaw.com

Jeffrey R. Hunt on behalf of Creditor
Municipality of Mt. Lebanon
jhunt@grblaw.com,
cnoroski@grblaw.com

Maria Miksich on behalf of Creditor PNC
BANK, NATIONAL ASSOCIATION
mmiksich@kmllawgroup.com

Brian Nicholas on behalf of Creditor PNC
BANK, NATIONAL ASSOCIATION
bnicholas@kmllawgroup.com

John R. O'Keefe, Jr. on behalf of Creditor
Dollar Bank, Federal Savings Bank
jokeefe@metzlewis.com

William E. Kelleher, Jr. on behalf of Mediator William E. Kelleher, Jr.
bill.kelleher@dentons.com,
michelle.graeb@dentons.com,
pg.rib.filings.us.dcg@dentons.com

Jodi Hause, on Behalf of the United States Trustee by on behalf of U.S. Trustee Office of the United States Trustee
Jodi.hause@usdoj.gov
David.A.Berry@usdoj.gov
Steven.W.Albright@usdoj.gov

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Robert O Lampl on behalf of Interested Party William T. Kane
rol@lampllaw.com,
jschemm@lampllaw.com;
jlacher@lampllaw.com;
jcooney@lampllaw.com;
rcooney@lampllaw.com;
slampl@lampllaw.com;
aholmquist@lampllaw.com;
kmonahan@lampllaw.com

Roger P. Poorman on behalf of Creditor Dollar Bank, Federal Savings Bank
rpoorman@metzlewis.com,
mmattheis@metzlewis.com

Michael A. Shiner on behalf of Creditor Renee R. Kalp
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Creditor Rebecca L. Watkins, D.M.D.
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Defendant Rebecca L. Watkins, D.M.D.
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Creditor Ronald E. Hand, D.M.D.
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Defendant Renee R. Kalp, D.M.D.
mshiner@tuckerlaw.com

Maribeth Thomas on behalf of Defendant Rebecca L. Watkins, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Michael A. Shiner on behalf of Defendant Ronald E. Hand, D.M.D.
mshiner@tuckerlaw.com

Maribeth Thomas on behalf of Defendant Renee R. Kalp, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Maribeth Thomas on behalf of Creditor Rebecca L. Watkins, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Maribeth Thomas on behalf of Defendant Ronald E. Hand, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

| | |
|---|---|
| Maribeth Thomas on behalf of Creditor Renee R. Kalp<br>mthomas@tuckerlaw.com,<br>maribeth.thomas@gmail.com,<br>jrusnack@tuckerlaw.com | Brian C. Thompson on behalf of Debtor Ronald G Linaburg<br>bthompson@ThompsonAttorney.com,<br>blemon@thompsonattorney.com;<br>bthompson@ecf.courtdrive.com;<br>jcastello@thompsonattorney.com;<br>kfinke@thompsonattorney.com |
| Maribeth Thomas on behalf of Creditor Ronald E. Hand, D.M.D.<br>mthomas@tuckerlaw.com,<br>maribeth.thomas@gmail.com,<br>jrusnack@tuckerlaw.com | Brian C. Thompson on behalf of Plaintiff Ronald G Linaburg<br>bthompson@ThompsonAttorney.com,<br>blemon@thompsonattorney.com;<br>bthompson@ecf.courtdrive.com;<br>jcastello@thompsonattorney.com;<br>kfinke@thompsonattorney.com |
| Paul R. Yagelski on behalf of Creditor Reinhart FoodService, LLC<br>pryagelski@rothmangordon.com<br>jdmyers@rothmangordon.com | S. James Wallace on behalf of Creditor Peoples Natural Gas Company LLC<br>ecfpeoples@grblaw.com,<br>Equitablebankruptcy@peoples-gas.com |

Also, on this 8th day of November, 2021, I served or caused to be served a true and correct copy of the foregoing document via First Class U.S. Mail, postage prepaid, upon the parties identified in the attached mailing matrix (listed below), as well as the additional parties listed below:

| | |
|---|---|
| Donna M. Donaher<br>First National Bank<br>One North Shore Center<br>12th Federal Street<br>Pittsburgh, PA 15212 | Jodi Hause, on Behalf of the United States Trustee<br>Office of the United States Trustee<br>Suite 960, Liberty Center<br>1001 Liberty Avenue<br>Pittsburgh, PA 15222-3714 |
| Ronald G Linaburg<br>924 Valleyview Road<br>Pittsburgh, PA 15243-1022 | Keri P. Ebeck<br>Bernstein-Burkley<br>707 Grant Street Suite 2200 Gulf Tower<br>Pittsburgh, PA 15219-1945 |

| | |
|---|---|
| Maria Miksich<br>KML Law Group, P.C.<br>701 Market Street<br>Suite 5000<br>Philadelphia, PA 19106-1541 | FBM Credit<br>200 1st Ave<br>Carnegie, PA 15106-2502 |
| Robert O Lampl<br>Robert O Lampl Law Office<br>Benedum Trees Building<br>223 Fourth Avenue, 4th Floor<br>Pittsburgh, PA 15222-1713 | First National Bank of PA<br>4140 E. State Street<br>Hermitage, PA 16148-3401 |
| Peoples Natural Gas Company LLC<br>c/o S. James Wallace, P.C.<br>845 N. Lincoln Ave.<br>Pittsburgh, PA 15233-1828 | Hitachi Capital America<br>800 Connecticut Avenue<br>Norwalk, CT 06854-1738 |
| Barry P. Cox<br>Rivertech Tax Preparation, LLC<br>26 South 27th Street<br>P.O. Box 4274<br>Pittsburgh, PA 15203-0274 | IRR Supply Center<br>1205 W State Street<br>New Castle, PA 16101-2070 |
| First National Bank of Pennsylvania<br>100 Federal Street<br>Pittsburgh, PA 15212-5708 | Peoples Natural Gas Company LLC<br>c/o S. James Wallace, P.C.<br>845 N. Lincoln Ave.<br>Pittsburgh, PA 15233-1828 |
| William T. Kane<br>c/o Robert O. Lampl Law Office<br>223 Fourth Avenue 4th Floor<br>Pittsburgh, PA 15222-1717 | Store Capital Acquisitions<br>8377 E Hartford Drive<br>Suite 100<br>Scottsdale, AZ 85255-5686 |
| Ascentium Capital<br>23970 Hwy 59 North<br>Kingwood, TX 77339-1535 | Vision Financial Group<br>615 Iron City Drive<br>Pittsburgh, PA 15205-4321 |
| Dollar Bank<br>2700 Liberty Avenue<br>Pittsburgh, PA 15222-4700 | William T. Kane<br>20013 Route 19<br>Cranberry Twp, PA 16066-6203 |

PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541

Raymond C. Vogliano
Eckert Seamans Cherin & Mellot, LLC
600 Grant Street
44th Floor
Pittsburgh, PA 15219

PNC Bank Retail Lending
2730 Liberty Avenue
Pittsburgh, PA 15222

Pennsylvania Dept. of Revenue
Department 280946
PO Box 280946
Attn:  Bankruptcy Division
Harrisburg, PA 17128-0946

US Foods
9399 West Higgins Road, Suite 600
Rosemont, IL 60018-4940

Duquesne Light Company
c/o Bernstein-Burkley, P.C.
707 Grant Street, Suite 2200, Gulf Tower
Pittsburgh, PA 15219-1945

Office of the United States Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222-3721

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Internal Revenue Service
Special Procedures Division
PO Box 628
Bankruptcy Section
Pittsburgh, PA 15230

Brian C. Thompson
Thompson Law Group, P.C.
125 Warrendale Bayne Road
Suite 200
Warrendale, PA 15086-6504

S. James Wallace
GRB Law
Frick Building, 437 Grant Street
14th Floor
Pittsburgh, PA 15219

Dated:  November 8, 2021

PORTER WRIGHT MORRIS & ARTHUR LLP

*/s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr., Esquire
Pa. I.D. No. 49520
RHicks@porterwright.com

Carolyn B. McGee, Esquire
Pa. I.D. No. 208815
CBMcGee@porterwright.com

6 PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500

*Counsel for Shareholder Creditor*
*Diana Marie Dongell, D.M.D.*