**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No. 20-22898-CMB |
| | : | |
| RONALD G. LINABURG, | : | Chapter 11 |
| | : | |
| Debtor. | : | The Honorable Carlota M. Böhm |
| | : | Chief Judge |
| RONALD G. LINABURG, | : | |
| | : | |
| Movant. | : | Related Document No. ECF ## 455, 456 |
| | : | |
| v. | : | Hearing Date: December 13, 2021 at 2:30 |
| | : | p.m. |
| DIANA MARIE DONGELL, D.M.D., | : | |
| | : | |
| Respondent. | : | |

**OBJECTION TO DEBTOR'S MOTION TO APPROVE
GUARANTY OBLIGATION (ECF # 455)**

Creditor and Respondent, Diana Marie Dongell, D.M.D. ("Respondent"), by her counsel, respectfully submits this Objection to Debtor / Movant Ronald G. Linaburg's ("Debtor") Motion to Approve Guaranty Obligation (ECF # 455).

In support of this Objection, Respondent states the following.

1. On November 23, 2021, Debtor filed his "Motion to Approve Guaranty Obligation" requesting that the Court approve of Debtor's request to act as the personal guarantor on a COVID-19 Economic Injury Disaster Loan ("EIDL Loan") that Associated Dental Specialists, P.C. ("ADS"), has been approved for as the borrower from the SBA.  *See* Motion at ¶¶ 5-6.

2. Debtor avers that ADS is seeking the EIDL Loan "to support its continued recovery from the pandemic and its economic impact as it continues to serve the community and its patients." *Id.* at ¶ 5.

3. Debtor states that the SBA is requiring that a personal guaranty be executed in order to secure the loan and that "Debtor is the only individual who can personally guaranty the EIDL loan." *Id.*

4. Respondent, in her capacity as a creditor in this case as well as a current Minority Shareholder of ADS, opposes Debtor's Motion for the following several reasons: (a) Debtor has failed to comply with the statutory requirements for such requests; (b) Debtor's request seeks the imposition of a post-petition lien that would take priority over existing unsecured liens; and (c) there exists a reasonable alternative signatory who currently serves as a corporate officer of ADS and who could serve as a guarantor of the EIDL Loan on ADS's behalf.

5. Debtor's Motion should be denied because it fails to conform to the requirements of Federal Rule of Bankruptcy Procedure 4001(c)(1)(A) which requires that "[a] motion for authority to obtain credit . . . shall be accompanied by a copy of the credit agreement and a proposed form of order." Fed. R. Bankr. P. 4001(c)(1)(A).

6. Debtor failed to attach a copy of the credit agreement, the EIDL Loan, and any documentation supporting his claim that he is the only individual who is available to execute a personal guaranty for a loan to ADS from the SBA. *See* Motion at ¶ 5; *see also In re Lehigh Valley Prof'l Sports Clubs, Inc.*, 260 B.R. 745, 750-751 (E.D. Pa. Bankr. 2001) (explaining that a debtor must seek court approval **before** obtaining credit, especially if the lender seeks a senior lien on the bankruptcy estate) (emphasis added).

7. While Debtor does disclose in his motion certain of the proposed terms of the "proposed SBA EIDL Loan to ADS" which indicate that Debtor would be personally guaranteeing up to $2,000,000, the actual loan documents have not been attached. *See* Motion at ¶ 7.

8. Thus, Debtor's Motion fails to conform to the requirements of Federal Rule of Bankruptcy Procedure 4001(c)(1)(A).

9. This leads to Respondent's second reason for objecting to Debtor's Motion. By permitting Debtor to personally guarantee a loan in the amount of 2,000,000.00, that loan would assume a priority position over Respondent's existing, unsecured Proof of Claim No. 11.

10. The requested EIDL Loan would be a post-petition, secured credit. Debtor has not first sought to obtain unsecured credit or sought court approval through notice and hearing to determine whether the existing unsecured creditors to Debtor's bankruptcy estate would be afforded adequate protection of their interests. *See generally* 11 U.S.C.§ 364 (requiring that a debtor first attempt to obtain unsecured credits as well as notice and hearing to determine adequate protections where debtor seeks to obtain secured credit); *see also In re Stoney Creek Techs., LLC*, 364 B.R. 882, 890-91 (E.D. Pa. Bankr. 2007)(finding adequate protection did not exist for post-petition financing, despite equity cushion, where there was little prospect of the loan assisting the debtor in an otherwise failing business long-term even though it might provide relief in the short-term).

11. Additionally, Debtor's Motion should be denied given the history leading to the filing of Debtor's Petition in the first instance. Debtor has stated that he sought bankruptcy protection at least in part based on Debtor's previous conduct acting as a personal guarantor of debts which lead to confessed judgments against Debtor. In fact, Respondent's claims pending against ADS in state court and those recounted in her Proof of Claim are specifically based on inspections of ADS's books and records and based on Debtor's fraud and gross mismanagement in his exclusive control over the operations of ADS. (*See* Resp. to Debtor's Objection to POC, ECF # 432, ¶ 6).

12. In light of Debtor's pattern of personally guaranteeing credits that he is purportedly unable to pay, the instant motion requesting approval to personally guarantee the EIDL Loan is problematic because Creditor's ability to recover from Debtor's bankruptcy estate may be hindered or eliminated without affording any protection to her existing rights. *See Official Comm. of Unsecured Creditors of Cybergenics Corp. ex. rel. Cybergenics Copr. v. Chinery*, 330 F.3d 548, 573 (3d Cir. 2003) ("In Chapter 11 cases, where no trustee is appointed, § 1107(a) provides that the debtor in possession . . . enjoys the powers that would otherwise vest in the bankruptcy trustee. Along with those powers, of course, comes **the trustee's fiduciary duty to maximize the value of the bankruptcy estate.**")(emphasis added).

13. Lastly, as to Debtor's assertion that he is the only person available to personally guarantee the EIDL Loan, this is wholly unsupported. There are other corporate officers and managers of ADS who are not currently debtors in any bankruptcy proceeding who should be available to execute a personal guaranty. Indeed, John Hischar, the current corporate secretary and business manager of ADS may be available to execute a guaranty. Furthermore, Debtor has not provided any documentary support that he is the only person available who may sign a personal guaranty on behalf of ADS.

14. For these reasons, Respondent respectfully requests that the Court DENY Debtor's Motion to Approve Guaranty Obligation (ECF # 455).

WHEREFORE, Respondent and Creditor, Diana Marie Dongell, D.M.D., respectfully requests that this Honorable Court deny Debtor's Motion to Approve Guaranty Obligation (ECF # 455).

                                      Respectfully submitted,

Dated: December 10, 2021           PORTER WRIGHT MORRIS & ARTHUR LLP

                                      */s/ Ronald L. Hicks, Jr.*
                                      Ronald L. Hicks, Jr., Esquire
                                      Pa. I.D. No. 49520
                                      RHicks@porterwright.com

                                      Carolyn B. McGee, Esquire
                                      Pa. I.D. No. 208815
                                      CBMcGee@porterwright.com

                                      6 PPG Place, Third Floor
                                      Pittsburgh, PA 15222
                                      (412) 235-4500

                                      *Counsel for Shareholder Creditor*
                                      *Diana Marie Dongell, D.M.D.*

## UNITED STATES BANKRUPTCY COURT FOR THE
### WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 20-22898-CMB |
| RONALD G. LINABURG, | Chapter 11 |
| Debtor. | Related to ECF## 455, 456 |
| | Hearing: December 13, 2021 at 2:30 p.m. |
| RONALD G. LINABURG, | |
| Movant, | |
| v. | |
| DIANA M. DONGELL, D.M.D. | |
| Respondent. | |

### CERTIFICATE OF SERVICE

I, Ronald L. Hicks, Jr., Esquire, hereby certify under penalty of perjury that on this 10th day of December, 2021, I served or caused to be served a true and correct copy of the foregoing document upon all parties in interest via the NEF generated by Court's electronic CM/ECF notification system, as follows:

Donna M. Donaher on behalf of Creditor First National Bank of Pennsylvania
donaherd@fnb-corp.com

Maria Miksich on behalf of Creditor PNC BANK, NATIONAL ASSOCIATION
mmiksich@kmllawgroup.com

Keri P. Ebeck on behalf of Creditor Duquesne Light Company
kebeck@bernsteinlaw.com,
jbluemle@bernsteinlaw.com

Brian Nicholas on behalf of Creditor PNC BANK, NATIONAL ASSOCIATION
bnicholas@kmllawgroup.com

Jeffrey R. Hunt on behalf of Creditor Municipality of Mt. Lebanon
jhunt@grblaw.com,
cnoroski@grblaw.com

John R. O'Keefe, Jr. on behalf of Creditor Dollar Bank, Federal Savings Bank
jokeefe@metzlewis.com

William E. Kelleher, Jr. on behalf of Mediator William E. Kelleher, Jr.
bill.kelleher@dentons.com,
michelle.graeb@dentons.com,
pg.rib.filings.us.dcg@dentons.com

Jodi Hause, on Behalf of the United States Trustee by on behalf of U.S. Trustee Office of the United States Trustee
Jodi.hause@usdoj.gov
David.A.Berry@usdoj.gov
Steven.W.Albright@usdoj.gov

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Robert O Lampl on behalf of Interested Party William T. Kane
rol@lampllaw.com,
jschemm@lampllaw.com;
jlacher@lampllaw.com;
jcooney@lampllaw.com;
rcooney@lampllaw.com;
slampl@lampllaw.com;
aholmquist@lampllaw.com;
kmonahan@lampllaw.com

Roger P. Poorman on behalf of Creditor Dollar Bank, Federal Savings Bank
rpoorman@metzlewis.com,
mmattheis@metzlewis.com

Michael A. Shiner on behalf of Creditor Renee R. Kalp
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Creditor Rebecca L. Watkins, D.M.D.
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Defendant Rebecca L. Watkins, D.M.D.
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Creditor Ronald E. Hand, D.M.D.
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Defendant Renee R. Kalp, D.M.D.
mshiner@tuckerlaw.com

Maribeth Thomas on behalf of Defendant Rebecca L. Watkins, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Michael A. Shiner on behalf of Defendant Ronald E. Hand, D.M.D.
mshiner@tuckerlaw.com

Maribeth Thomas on behalf of Defendant Renee R. Kalp, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Maribeth Thomas on behalf of Creditor Rebecca L. Watkins, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Maribeth Thomas on behalf of Defendant Ronald E. Hand, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

| | |
|---|---|
| Maribeth Thomas on behalf of Creditor Renee R. Kalp<br>mthomas@tuckerlaw.com,<br>maribeth.thomas@gmail.com,<br>jrusnack@tuckerlaw.com | Brian C. Thompson on behalf of Debtor Ronald G Linaburg<br>bthompson@ThompsonAttorney.com,<br>blemon@thompsonattorney.com;<br>bthompson@ecf.courtdrive.com;<br>jcastello@thompsonattorney.com;<br>kfinke@thompsonattorney.com |
| Maribeth Thomas on behalf of Creditor Ronald E. Hand, D.M.D.<br>mthomas@tuckerlaw.com,<br>maribeth.thomas@gmail.com,<br>jrusnack@tuckerlaw.com | Brian C. Thompson on behalf of Plaintiff Ronald G Linaburg<br>bthompson@ThompsonAttorney.com,<br>blemon@thompsonattorney.com;<br>bthompson@ecf.courtdrive.com;<br>jcastello@thompsonattorney.com;<br>kfinke@thompsonattorney.com |
| Paul R. Yagelski on behalf of Creditor Reinhart FoodService, LLC<br>pryagelski@rothmangordon.com<br>jdmyers@rothmangordon.com | S. James Wallace on behalf of Creditor Peoples Natural Gas Company LLC<br>ecfpeoples@grblaw.com,<br>Equitablebankruptcy@peoples-gas.com |

Also, on this 10th day of December 2021, I served or caused to be served a true and correct copy of the foregoing document via First Class U.S. Mail, postage prepaid, upon the parties identified in the attached mailing matrix (listed below), as well as the additional parties listed below:

| | |
|---|---|
| Donna M. Donaher<br>First National Bank<br>One North Shore Center<br>12th Federal Street<br>Pittsburgh, PA 15212 | Jodi Hause, on Behalf of the United States Trustee<br>Office of the United States Trustee<br>Suite 960, Liberty Center<br>1001 Liberty Avenue<br>Pittsburgh, PA 15222-3714 |
| Ronald G Linaburg<br>924 Valleyview Road<br>Pittsburgh, PA 15243-1022 | Keri P. Ebeck<br>Bernstein-Burkley<br>707 Grant Street Suite 2200 Gulf Tower<br>Pittsburgh, PA 15219-1945 |

Document      Page 9 of 11

Maria Miksich
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106-1541

Robert O Lampl
Robert O Lampl Law Office
Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222-1713

Peoples Natural Gas Company LLC
c/o S. James Wallace, P.C.
845 N. Lincoln Ave.
Pittsburgh, PA 15233-1828

Barry P. Cox
Rivertech Tax Preparation, LLC
26 South 27th Street
P.O. Box 4274
Pittsburgh, PA 15203-0274

First National Bank of Pennsylvania
100 Federal Street
Pittsburgh, PA 15212-5708

William T. Kane
c/o Robert O. Lampl Law Office
223 Fourth Avenue 4th Floor
Pittsburgh, PA 15222-1717

Ascentium Capital
23970 Hwy 59 North
Kingwood, TX 77339-1535

Dollar Bank
2700 Liberty Avenue
Pittsburgh, PA 15222-4700

FBM Credit
200 1st Ave
Carnegie, PA 15106-2502

First National Bank of PA
4140 E. State Street
Hermitage, PA 16148-3401

Hitachi Capital America
800 Connecticut Avenue
Norwalk, CT 06854-1738

IRR Supply Center
1205 W State Street
New Castle, PA 16101-2070

Peoples Natural Gas Company LLC
c/o S. James Wallace, P.C.
845 N. Lincoln Ave.
Pittsburgh, PA 15233-1828

Store Capital Acquisitions
8377 E Hartford Drive
Suite 100
Scottsdale, AZ 85255-5686

Vision Financial Group
615 Iron City Drive
Pittsburgh, PA 15205-4321

William T. Kane
20013 Route 19
Cranberry Twp, PA 16066-6203

| | |
|---|---|
| PRA Receivables Management, LLC<br>P.O. Box 41021<br>Norfolk, VA 23541 | Raymond C. Vogliano<br>Eckert Seamans Cherin & Mellot, LLC<br>600 Grant Street<br>44th Floor<br>Pittsburgh, PA 15219 |
| PNC Bank Retail Lending<br>2730 Liberty Avenue<br>Pittsburgh, PA 15222 | Pennsylvania Dept. of Revenue<br>Department 280946<br>PO Box 280946<br>Attn: Bankruptcy Division<br>Harrisburg, PA 17128-0946 |
| US Foods<br>9399 West Higgins Road, Suite 600<br>Rosemont, IL 60018-4940 | Duquesne Light Company<br>c/o Bernstein-Burkley, P.C.<br>707 Grant Street, Suite 2200, Gulf Tower<br>Pittsburgh, PA 15219-1945 |
| Office of the United States Trustee<br>Liberty Center<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, PA 15222-3721 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Internal Revenue Service<br>Special Procedures Division<br>PO Box 628<br>Bankruptcy Section<br>Pittsburgh, PA 15230 | Brian C. Thompson<br>Thompson Law Group, P.C.
125 Warrendale Bayne Road<br>Suite 200<br>Warrendale, PA 15086-6504 |
| S. James Wallace<br>GRB Law<br>Frick Building, 437 Grant Street<br>14th Floor<br>Pittsburgh, PA 15219 | |

Dated: December 10, 2021

PORTER WRIGHT MORRIS & ARTHUR LLP

*/s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr., Esquire
Pa. I.D. No. 49520
RHicks@porterwright.com

Carolyn B. McGee, Esquire
Pa. I.D. No. 208815
CBMcGee@porterwright.com

6 PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500

*Counsel for Shareholder Creditor*
*Diana Marie Dongell, D.M.D.*