**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 20-22898-CMB |
| | : | |
| RONALD G. LINABURG | : | |
| | : | Chapter 11 |
| Debtor(s) | : | |
| | : | |
| | : | Related to ECF # 179, 180, 290, 311 |
| | : | Document No. |
| | : | |
| v. | : | Hearing: February 8, 2022 at 10:00 am |
| | : | |
| PNC BANK, N.A., | : | |
| | : | |
| Respondent | : | |

**SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PNC'S MOTION TO
VACATE THE APRIL 7, 2021 DEFAULT ORDER**

AND NOW comes PNC Bank, N.A. ("PNC"), by and through its attorney, John Berry,

Esquire of Dinsmore & Shohl, LLP, and files the following Supplemental Briefing in support of

PNC's Motion to Vacate the April 7, 2021 Default Order ("PNC's Motion").  Docket No. 290.

**I.     INTRODUCTION**

This Court should grant PNC's Motion for the following additional reasons.

***First***, Debtor failed to serve the Objection (Docket No. 143) upon PNC in accordance with

Federal Rule of Bankruptcy Procedure ("Rule") 3007.  Thus, the Order (Docket No. 180) should

be set aside on the grounds that service of the Objection was procedurally deficient.

***Second***, Debtor's Objection should have been filed as an adversary proceeding, not a

contested matter, under Rule 7001(2) because it challenges whether or not PNC is a secured or

unsecured creditor and seeks relief in the form of voiding PNC's lien.   Thus, the Order should be

set aside on the grounds that the Objection was procedurally deficient.

**Third**, Section 502(j) of Title 11 of the United States Code (the "Bankruptcy Code") permits a court to reconsider for cause "a claim that has been allowed or disallowed" pursuant to the equities of the case." 11 U.S.C. § 502(j). The equities in this case warrant reconsideration for cause regarding the disallowance of PNC's claim and entry of an order setting aside the Order.

**Finally**, Debtor is mistaken as to the current status of the law in Pennsylvania. One spouse can encumber the interest of the other spouse as it relates to property held as tenants in the entirety, even in opposition to a challenge by the Chapter 13 Trustee, if the Entireties Presumption applies. *Deutsche Bank Nat'l Trust Co. v. Evans*, 421 B.R. 193 (W.D.PA. 2009). PNC maintains that the Entireties Presumption applies in this case.

## II.    FACTUAL BACKGROUND

1.      On July 22, 2016, Debtor executed a Choice Home Equity Line of Credit Agreement in favor of PNC with a maximum principal balance of $690,000.00 (the "Agreement"). The Agreement was secured by the Mortgage of record in Allegheny County (the "Mortgage") upon the real property commonly known as 924 Valleyview Road, Pittsburgh, Pennsylvania (the "Property"). Claim No. 4. The Mortgage paid off the prior mortgage on the Property.

2.      On October 9, 2020, Debtor Ronald Linaburg ("Debtor") filed a voluntary petition with the Court under Chapter 11 of the Bankruptcy Code (the "Bankruptcy").

3.      On January 13, 2021, PNC filed a proof of claim in the amount of $650,075.43 in the Bankruptcy and indicated that it was secured by a lien on the Property (the "Claim"). Claim No. 4. The Claim provided notices should be sent to PNC Bank, N.A. at P.O. Box 94982, Cleveland, Ohio 44101.

4.      On March 12, 2021, Debtor filed an Objection to the Claim (the "Objection"). Docket No. 143. Debtor alleged the Claim was unsecured because the Property was owned by

2

Debtor and his non-filing spouse as tenants by the entirety and the Mortgage was not signed by his non-filing spouse.

5.     The Objection was served on counsel of record for PNC by ECF notice and certified mail at c/o KLM Law Group, P.C., 701 Market Street, Suite 5000, Philadelphia, PA 19106, on March 12, 2021.  Docket No. 144.

6.     On March 12, 2021, the Court filed a notice giving PNC until April 6, 2021 to respond to the Objection. Docket No. 145.

7.     On April 7, 2021, Debtor filed a Notice of No Objection Regarding the Hearing on PNC's Proof of Claim No. 4.  Docket No. 179.

8.     On April 7, 2021, twenty-six (26) days after the Objection to the Claim was filed, this Court entered an Order granting the Objection and disallowed PNC's secured claim, designating the claim as an unsecured, non-priority claim (the "Order").  Docket No. 180.

9.      On August 9, 2021, PNC filed a Motion to Vacate the April 7, 2021 Default Order by F.R.B.P. 9024, applying F.R.C.P. 60 ("PNC's Motion"), arguing that relief should be granted from the Order because PNC's counsel failed to receive notice of the Objection to the Bankruptcy, the order regarding the hearing, or the subsequent order granting the Objection, due to a software issue where the registered ECF user was not appropriately set up. Docket No. 290.

10.     On August 24, 2021, Debtor filed his Response to Motion to Vacate the April 7, 2021 Default Order, alleging he served the Objection on PNC's counsel via first class mail and the ECF system notice. Docket No. 311.

11.     On October 18, 2021, this Court entered a text order continuing PNC's Motion to a status conference on December 13, 2021.  The Court directed the parties use the interim time to explore possible resolution. Docket No. 413.

3

12.     PNC obtained additional counsel, whose appearance was entered on October 26, 2021.  Docket No. 421.

13.     Counsel for PNC and Debtor have conferred concerning the underlying issues between the parties and have been engaged in settlement discussions.  *See*, Docket No. 466.  These discussions are ongoing.  In the event that the parties are unable to amicably resolve these issues, PNC respectfully requests that the Court consider this Supplemental Briefing when assessing PNC's pending Motion to Vacate.

## III.    STANDARD

The following standards govern objections to claims and motions to reconsider in a bankruptcy and provide an overview of Pennsylvania's Entireties Presumption

### A.    Service of an objection under Rule 3007.

An objection filed under Rule 3007 must be served by first-class mail to the person most recently designated on the claimant's original or amended proof of claim.  Rule 3007(a)(2)(A).  If a motion is not properly served on the creditor, it is procedurally defective.  *In re Magleby*, No. 2:16-bk-15322-RK, 2021 Bankr. LEXIS 1295, at *7 (Bankr. C.D. Cal. May 12, 2021).

### B.    Determining whether an objection is a contested matter or adversary proceeding.

Rule 3007 designates when an objection can be raised in the bankruptcy and when an adversary proceeding is required.  Rule 3007(b) requires an adversary proceeding when a debtor is requesting relief of a kind specified in Rule 7001.  Bankr. 3007(b).  Rule 7001(2) requires an adversary proceeding when determining "the validity, priority, or extent of a lien or other interest in property."  Bankr. 7001(2); *See e.g.  Staker v. Jubber (In re Staker)*, 525 F. App'x 811, 813 (10th Cir. 2013) (holding that debtors objections to the validity of the secured interests in their property by the banks sought relief only permitted in adversary proceedings pursuant to Rule 3007(b)).

**C.**    **Additional basis to reconsider the status of a claim.**

Rule 3008 and Section 502(j) of the Bankruptcy Code provide an additional basis for reconsidering the designation of a claim.  Section 502(j) of the Bankruptcy Code provides in pertinent part: "[a] claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case."  11 USCS § 502(j). Rule 3008 provides that a "party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."  Rule 3008.  This Court has discretion regarding whether or not to entertain requests under  Rule 3008 and Section 502(j) of the Bankruptcy Code.  *In re Anderson*, 330 B.R. 180, 188 (Bankr. S.D. Tex. 2005).

**D.**    **Pennsylvania's Entireties Presumption**

In Pennsylvania, "a tenancy by the entireties is a form of co-ownership of real or personal property by husband and wife." *Deutsche Bank Nat'l Trust Co. v. Evans,* 421 B.R. 193 (W.D.PA. 2009). In 1938, Chief Justice Kephart of the Supreme Court of Pennsylvania recognized that "either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inures to the benefit of both and the estate is not terminated." *Madden v. Gosztonyi Savings & Trust Co.,* 200 A.2d 624, 630-3*1* (Pa. 1938).  Therefore, a spouse "may act on behalf of both spouses with respect to entireties property so long as the tenancy remains intact." *Deutsche Bank* at 197. This presumption in Pennsylvania is referred to as the Entireties Presumption. *Id.* In addition, where the Entireties Presumption applies, it trumps the Trustee's lien avoidance powers. *Id.* at 202.

Document      Page 6 of 14

IV.    **ARGUMENT**

A.    **Debtor failed to properly serve PNC with the Objection.**

Assuming Debtor was permitted under the Bankruptcy Code and Rules to object to the

Claim in the form of a contested matter, Debtor's Objection was procedurally deficient as Debtor

failed to provide PNC with notice in compliance with Rule 3007. Debtor was required to serve

PNC under Rule 3007 **and** Rule 7004.

Rule 3007(a)(2) provides that:

> (A) The objection and notice **shall be served** on a claimant by first-class
> mail to the person most recently designated on the claimant's original or
> amended proof of claim as the person to receive notices, at the address so
> indicated; **and** …
>       (ii) if the objection is to the claim of an insured depository
> institution, in the manner provided by Rule 7004(h).

Rule 7004(h) provides for enhanced service on insured depository institutions as follows:

> Service on an insured depository institution (as defined in section 3 of the
> Federal Deposit Insurance Act) in a contested manner or adversary
> proceeding shall be made by certified mail addressed to an officer of the
> institution unless—
>       (1) the institution has appeared by its attorney, in which case the
> attorney shall be served by first class mail;

The interpreting case law provides that failure to serve the objection in strict compliance with the

Rule 3007(a)(2)(A) **and** 7004(h), renders service defective.

Debtor only served PNC's counsel of record by ECF filing and certified mail under Rule

7004. Docket No. 145. The Certificate of Service to the Objection notes that the Objection was

served "via electronic mail and/or certified mail" to KML Law Group. Docket No. 146, Docket

No. 311. The Certificate of Service does not list the PO Box as indicated in the Claim. *Id*.

Moreover, in response to PNC's Motion, Debtor indicates he served PNC's counsel with first class

mail. Docket No. 311.

The record reflects that PNC was not served in compliance with Rule 3007(a)(2)(A). This procedural deficiency warrants reversal of the Order.

**B.      Debtor's Objection should have been filed as an adversary proceeding.**

Under Rule 3007(b) and Rule 7001, Debtor was required to file his Objection as an adversary proceeding because he is challenging the legitimacy of PNC's lien.  He failed to file it as an adversary proceeding. Thus, this Court must set aside the Order.

Rule 3007(b) provides that a "party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding."  Rule 7001(2) requires that objections that involve whether a bank is a secured or unsecured creditor must be brought as an adversary proceeding, not as a simple objection. *See* Rule 7001(2).  Stated otherwise, "an attack on the validity of a lien is a challenge to the existence or legitimacy of the lien itself" and requires an adversary proceeding. *9 Collier on Bankruptcy P 3007.01* (16th 2021) (citing Fed. R. Bankr. P. 7001(a) and *In re Anderson*, 330 B.R. 180, 188 (Bankr. S.D. Tex. 2005)); *See also*, <u>*Staker v. Jubber (In re Staker)*</u>, 525 F. App'x 811, 813 (10th Cir. 2013) ("The plain language of Fed.R.Bankr. P. 3007 and 7001 calls for an adversary proceeding to challenge the validity of interest in property and expressly prohibits including such challenges in an objection to a claim").

Debtor's Objection is a direct challenge to the existence and legitimacy of the Mortgage, which the Debtor himself executed. Docket No. 143. Debtor states the Property is owned by Debtor and his non-filing spouse as tenants in the entirety. Docket No. 143 ⁋ 4.  Debtor states that because Debtor's non-filing spouse did not sign the Mortgage it fails to secure the Agreement. Docket No. 143 ⁋ 6. Based on these facts, Debtor asserts that "Respondent's Proof of Claim No. 4 should be disallowed as a secured claim, and be designated an unsecured, non-priority clam."  Docket No.

143 ¶ 610.   As articulated in *In re Staker*, these allegations challenge the validity of PNC's

Mortgage against the Property and must be brought in an adversary proceeding.

*In re Staker*, debtors filed chapter 7 bankruptcy and Wells Fargo filed two proofs of claim

based on mortgage notes held by the bank, which were secured to real property.   *Staker v. Jubber*

*(In re Staker)*, 525 F. App'x 811, 812 (10th Cir. 2013).   Debtors filed an objection to the claims as

a contested matter and requested the claims be treated as unsecured claims.   *Id.*   The bankruptcy

court overruled the debtors' objections without prejudice, because the objections were

procedurally improper as the objections should have been brought as an adversary proceeding.   *Id.*

Debtors appealed to the United States Bankruptcy Panel of the Tenth Circuit.   525 F. App'x 811,

813 (10th Cir. 2013).   The Bankruptcy Panel held that the debtors were required to pursue the

claims in adversary proceedings and not as a contested matter in the general bankruptcy.   *In re*

*Staker*, 525 F.App'x 811, 813.   Specifically, the Court noted that the plain language of Rules 3007

and 7001 call for an adversary proceeding to challenge the validity of an interest in property and

expressly prohibit including such challenges in an objection to a claim.   *Id.*

Based on the plain reading of Rule 3007 and 7001 and supporting case law, in the instant

matter, Debtor was required to file an adversary proceeding because he is challenging the validity

of PNC's Mortgage on the Property.   His failure to follow proper procedure requires the Court set

aside the Order.

C.      **PNC moves under Section 502(j) of the Bankruptcy Code and Rule 3008 for the Court to reconsider whether the claim is secured.**

PNC seeks reconsideration of its claim under Section 502(j) of the Bankruptcy Code. Section 502(j) of the Bankruptcy Code establishes a process for reconsideration with respect to allowance or disallowance of claims. Specifically, this section provides:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed **according to the equities of the case**.

In turn, Rule 3008 states: "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."  As Judge Tallman has explained:

> Congress chose not to limit the circumstances under which a court may reconsider a claim, but used the broad "for cause" language that requires the bankruptcy court to examine the circumstances on a case by case basis to determine if cause exists.  *See In re Ross*, 373 B.R. 656, 662 (Bankr. W.D. Mo. 2007). Moreover, *§ 502(j)* directs a court to allow or disallow the reconsidered claim "according to the equities of the case." Again Congress declined to prescribe the particular kinds of modifications a court could make to a claim, but directs a bankruptcy court to use its discretion to examine the equities of the situation that appears before it.

*In re Disney*, 386 B.R. 292, 298 (Bankr. D. Colo. 2008) (addressing the issue of whether a debtor may "recharacterize an allowed secured claim post-confirmation following surrender or seizure of the collateral securing the claim, and modify a confirmed [Chapter 13] plan accordingly.").

The equities in this case weigh in favor of this Court exercising its discretion and setting aside the Order under Section 502(j) of the Bankruptcy Code and Rule 3007.  *First*, PNC was not properly served with the Objection under Rule 3007.  *Second*, Debtor improperly filed the Objection as a contested matter when it should have been filed as an adversary proceeding.  *Third*, as discussed in PNC's Motion, counsel for PNC was not on notice of the Objection or the deadline

to respond. **Fourth**, as discussed below, PNC's Mortgage actually encumbers the Property even though the Property is owned as tenants by the entirety and only Debtor signed the Mortgage. **Finally**, Debtor will not be prejudiced by a reconsideration of PNC's Claim as: (1) there is equity in the Property for payment of unsecured creditors beyond PNC's Mortgage; (2) Debtor has not yet achieved approval of disclosure statements as amended disclosures statements are due November 30, 2021; and (3) confirmation of the plan has not occurred.  While Debtor will not be prejudiced by a reconsideration of the Claim, PNC will be extremely prejudiced if the Order is not set aside as PNC will have gone from an over-secured creditor to an unsecured creditor, despite Debtor's failure to properly serve the Objection, to file an adversary proceed and to recognize that the Mortgage is valid and enforceable pursuant to the Entireties Presumption.

After review of the case law in the Bankruptcy Court for the Western District of Pennsylvania, PNC identified a case in 2007 where this Court applied Section 502(j) of the Bankruptcy Code and Rule 3008 in favor of the debtors reclassifying the creditor's claim after the parties had stipulated to value and after confirmation of the plan.  PNC maintains that the reasoning espoused in that case applies here, and that the facts of this case warrant reversal in favor of PNC.

*In re Mellors* was initiated by debtors filing a voluntary Chapter 13 petition. *Coastal Credit, L.L.C. v. Mellors (In re Mellors), 372 B.R. 763, 775 (Bankr. W.D. Pa. 2007).* The debtors listed a partial secured claim for creditor, Coastal Credit L.L.C., in connection with the retail sales contract for the purchase of their vehicle. *Id.* at 766-767. While creditor objected to the value placed on the vehicle, the parties ultimately stipulated on a value of $8,823.84, which was represented in the confirmed bankruptcy plan.  *Id.* Subsequently, the debtors' vehicle was found to be inoperable due to structural damage, even though the vehicle had been previously inspected and the damage had not been noted.  *Id.* at 767-768. As the debtors were unable to pay for the

10

repairs, the vehicle was left at the mechanic's shop and the debtors moved to modify the

bankruptcy plan. Creditor objected, arguing that the stipulation controlled the price. *Id.* The Court

specifically noted that the Bankruptcy Code expressly contemplated that the Court may reconsider

an allowed or disallowed claim for 'cause' shown and that a reconsidered claim may be allowed

or disallowed according to the equities of the case. *Id.* The Court further noted that "[n]either the

Bankruptcy Code nor the Bankruptcy Rules define 'cause' for reconsideration of a claim under

502(j); However, under circumstances remarkably similar to the case now before the Court, other

courts have held that 'bankruptcy courts have wide discretion in determining what will constitute

adequate 'cause' for reconsideration of claims." *Id.* (*citing, In re Zieder*, 263 B.R. 114, 116-120

(Bankr. D. Ariz. 2001) (reconsideration granted permitting debtors to surrender vehicle after an

accident); *see also In re Jefferson*, 345 B.R. 577, 583 (Bankr. N.D. Miss. 2006) (reconsideration

granted permitting debtors to surrender two cars to decrease plan payments due to post-

confirmation disability and resultant diminished income); *In re Mason*, 315 B.R. 759, 761 (Bankr.

N.D. Cal. 2004) (reconsideration granted allowing debtor to surrender  car when debtor could no

longer afford it); *In re Hernandez*, 282 B.R. 200, 207-208 (Bankr. S.D. Tex. 2002)

(reconsideration  granted where there was no showing of improper motive or unfairness, debtors

could surrender vehicle in satisfaction of secured claim); *In re Johnson*, 247 B.R. 904, 908-909

(Bankr. S.D. Ga. 1999) (reconsideration is permitted when no bad faith is indicated and loss of

debtor's job caused financial hardship); *In re Miller*, 2002 WL 31115656, at *4-6 (reconsideration

permitted where debtors surrendered tractor 18 months after confirmation and the depreciation

was not the result of debtors' abuse or neglect)).

 The reasoning of *In re Mellors* applies to this case.  Reconsideration under Section 502(j)

of the Bankruptcy Code is permitted and warranted when the parties proceed in good faith and

operate on a mistaken assumption. *In re Mellors*, the mistaken assumption was that the vehicle was operable. Here, the mistaken assumptions are that *(1)* the Objection was procedurally proper; and *(2)* PNC's Mortgage is not enforceable because Debtor's non-filing spouse did not sign. However, the facts are that *(1)* the Objection was not procedurally proper because PNC was not served under Rule 3007 and an adversary proceeding was not filed; *(2)* counsel for PNC did not receive notice as set forth in PNC's Motion and timely moved the Court for relief as soon as the issue was identified; and *(3)* the Mortgage is enforceable because the Entireties Presumption applies as set out below.

Thus, in line with the reasoning of *In re Mellors*, this Court should vacate the Order.

### D.    PNC's Claim Is a Secured Claim.

Debtor is mistaken regarding the current status of the law in Pennsylvania regarding whether one spouse can encumber property owned as tenants by the entirety if the other spouse does not execute the mortgage. Pennsylvania has a long history of acceptance and enforcement of the Entireties Presumption, which is a common law doctrine that either tenant by the entirety may, without specific consent, act on behalf of both tenants in certain instances. *In re Brannon,* 476 F. 3d 173 (3rd Cir. 2007)*; In re Estate of Frits*, 236 A.3d 1086 (Pa. Super. Ct. 2020); *In re Gallagher's Estate*, 352 Pa. 476; *Kennedy v. Erkman*, 389 Pa. 651, 133 A.2d 550, 554 (Pa. 1957); *J.R. Christ Construction Co. v. Olevsky,* 426 Pa. 343, 232 A.2d 196 (1967); *Sgro v. Sgro,* 259 Pa. Super. 425, 393 A.2d 900 (1978); *Miller v. Bare*, 457 F.Supp. 1359 (W.D. Pa. 1978).

The Entireties Presumption has been applied as recently as 2009, where the District Court in the Western District of Pennsylvania applied the Entireties Presumption in *Deutsche Bank Nat'l Trust Co. v. Evans*, 421 B.R. 193 (W.D.PA. 2009). In *Deutsche Bank*, the United States District Court for the Western District of Pennsylvania reversed the bankruptcy court's holding that the

mortgage lien was unenforceable and unsecured when one tenant encumbered the entirety of the property. *Deutsche Bank*, at 196. Specifically, the debtors, husband and wife, had taken title to property as tenants by the entirety. *Id*. at 195. Subsequently, the husband refinanced the property, where he signed the Note and Mortgage. *Id*. Thereafter, husband and wife filed a joint petition for Chapter 13 bankruptcy. *Id*. Deutsche Bank, the holder of the mortgage for the property, filed a secured proof of claim. *Id*. The debtors and the bankruptcy trustee both objected to the proof of claim via an adversary proceeding, arguing that the mortgage was unenforceable because the mortgage was only executed by husband, but the property was held as tenants in the entirety. *Id*. at 196. The bankruptcy court agreed, holding that the mortgage was unenforceable; thereby making the claim by DeutscheBank invalid and unsecured. *Id*. Deutsche Bank appealed.

The United States District Court for the Western District of Pennsylvania reversed the bankruptcy court and found that the mortgage was fully enforceable based on the Entireties Presumption. *Id*. at 202. The court examined the history of the Entireties Presumption in Pennsylvania, noting that a tenancy by the entireties is created by a husband and wife, where each owns the whole or the entirety. *Id*. The Court held that the proper analysis was to determine whether the Entireties Presumption was applicable and if so, to determine whether the Entireties Presumption complies with the purpose and policies of the statute of frauds. *Id*. The court specifically discussed that the wife knew of the mortgage, because the purchase money mortgage was used to purchase the family home and therefore, wife benefitted from the mortgage. *Id*. The Entireties Presumption was applied, and the court held that the mortgage was valid and enforceable. *Id*. Further, the Court did not permit the trustee to void the mortgage, as it noted that the mortgage bound wife based on the Entireties Presumption. *Id*.

In the instant matter, the Entireties Presumption applies. Debtor and his non-filing spouse remain as tenants by the entirety. The Agreement secured by the Mortgage was used to refinance the marital home, and pay off the prior debt held by Debtor and non-debtor spouse. Thus, the funds secured by the Mortgage benefitted both Debtor and his spouse. Finally, there is no indication of fraud in any of the pleadings to date. Therefore, the Entireties Presumption is properly applicable here as it was in *Deutsche Bank*. The Debtor executed the Mortgage, binding the entirety of the Property.

## V.    CONCLUSION

As discussed more thoroughly above, this Court should grant PNC's Motion to set aside the April 7, 2021 Default Order because Debtor failed to serve the Objection upon PNC in accordance with Rule 3007 and because Debtor failed to properly file the Objection as an adversary proceeding under Rule 7001(2). Further, PNC's Motion should be granted and the claim reconsidered under Section 502(j) of the Bankruptcy Code and Rule 3008 because the equities in this case weigh in favor of PNC. Finally, pursuant to the Entireties Presumption, one spouse can encumber the interest of the other spouse as it relates to property held as tenants by the entirety; therefore, PNC's claim is properly a secured claim.


                                        DINSMORE & SHOHL LLP

Dated:  December 16, 2021          */s/  John J. Berry*
                                        John J. Berry, Esquire
                                        PA ID # 313481
                                        john.berry@dinsmore.com
                                        Six PPG Place, Suite 1300
                                        Pittsburgh, PA  15222
                                        Telephone:    (412) 281-5000
                                        Facsimile:    (412) 281-5055