IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 20-22898-CMB |
| | : | |
| RONALD G. LINABURG | : | |
| | : | Chapter 11 |
| Debtor(s) | : | |
| | : | |
| | : | Related to ECF # 179, 180, 290, 311 |
| | : | Document No. |
| | : | |
| v. | : | Hearing: May 5, 2022 at 10:00 am |
| | : | |
| PNC BANK, N.A., | : | |
| | : | |
| Respondent | : | |

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO STRIKE
PNC'S SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PNC'S MOTION
TO VACATE**

AND NOW comes PNC Bank, N.A. ("PNC"), by and through its attorney, John Berry, Esquire of Dinsmore & Shohl, LLP, and files the following Response in Opposition to Debtor's Motion to Strike PNC's Supplemental Briefing in support of PNC's Motion to Vacate. Docket No. 562.

**I.   INTRODUCTION**

After waiting one hundred and ten days from PNC's filing, Debtor filed a motion to "strike" as untimely PNC's supplemental brief in support of its pending motion to vacate the order granting Debtor's objection to PNC's claim. Tellingly, Debtor does not seek to strike the supplemental brief on the merits, nor has Debtor addressed the merits of the supplemental brief since it was filed. Instead, , Debtor moves to strike the supplemental brief in an effort to avoid this issue being decided on applicable law, including whether he failed to properly serve PNC

with notice of the objection. Ultimately, Debtor is seeking a windfall against PNC by attempting to modify PNC's consumer loan through the claim objection process, rather than through the plan process and in accordance with the Bankruptcy Code. The purpose of PNC's supplemental briefing is to ensure the Court is fully informed and advised of the applicable facts and law when considering the matter;Surely, Debtor's time is better spent responding to the merits, rather than engaging in needless motion practice aimed at striking material that seeks to fully apprise the Court of applicable law. As such, for the following reasons, this Court should deny the Motion.

*First*, PNC's supplemental brief is not a pleading, and Debtor's reliance on the civil and local rules governing pleadings, to argue that the filing is untimely, is misplaced. *Second*, Section 105(a) of the Bankruptcy Code does not provide a legal basis for striking PNC's supplemental brief and its stated purpose of judicial efficiency is promoted by inclusion of PNC's supplemental brief. *Third*, Section 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008 provide that PNC's supplemental briefing is timely as the Court is permitted, for cause, at any time, to reconsider "a claim that has been allowed or disallowed" pursuant to the equities of the case." 11 U.S.C. § 502(j); Bankruptcy Rule 3008.

Accordingly, PNC requests this Court deny Debtor's Motion to Strike the supplemental brief.

## II.    FACTUAL BACKGROUND

1.    On January 13, 2021, PNC filed a proof of claim in the amount of $650,075.43 in and indicated that it was secured by a lien on the Property (the "Claim"). Claim No. 4. The Claim provided notices should be sent to PNC Bank, N.A. at P.O. Box 94982, Cleveland, Ohio 44101.

2. On March 12, 2021, Debtor filed an Objection to the Claim (the "Objection"). Docket No. 143. Debtor alleged the Claim was unsecured because the Property was owned by Debtor and his non-filing spouse as tenants by the entirety and the Mortgage was not signed by his non-filing spouse.

3. The Objection was served on counsel of record for PNC by ECF notice and certified mail at c/o KLM Law Group, P.C., 701 Market Street, Suite 5000, Philadelphia, PA 19106, on March 12, 2021. Docket No. 144.

4. The Objection was not served on PNC pursuant to the Notice of Claim. Docket No. 571.

5. On April 7, 2021, twenty-six (26) days after the Objection to the Claim was filed, this Court entered an Order granting the Objection and disallowed PNC's secured claim, designating the claim as an unsecured, non-priority claim (the "Order"). Docket No. 180.

6. On August 9, 2021, PNC filed a Motion to Vacate the April 7, 2021 Default Order by F.R.B.P. 9024, applying F.R.C.P. 60 ("PNC's Motion"), arguing that relief should be granted from the Order because PNC's counsel failed to receive notice of the Objection to the Bankruptcy, the order regarding the hearing, or the subsequent order granting the Objection, due to a software issue where the registered ECF user was not appropriately set up. Docket No. 290.

7. On August 24, 2021, Debtor filed his Response to the Motion to Vacate the April 7, 2021 Default Order, alleging he served the Objection on PNC's counsel via first class mail and the ECF system notice. Docket No. 311.

8. On October 18, 2021, this Court entered a text order continuing PNC's Motion to a status conference on December 13, 2021. The Court directed the parties use the interim time to explore possible resolution. Docket No. 413.

9. PNC obtained additional counsel, whose appearance was entered on October 26, 2021. Docket No. 421.

10. On December 14, 2021, PNC filed its Supplemental Brief in Further Support of PNC's Motion to Vacate ("Supplemental Brief"). Docket No. 481.

11. On April 1, 2022, **three and a half months** after PNC filed its Supplemental Brief, Debtor filed a Motion to Strike PNC's Supplemental Brief in Support of PNC's Motion to Vacate (the "Motion to Vacate"). Docket No. 562. As grounds for same, Debtor cites to the rules regarding leave to plead, which simply do not apply.

12. On April 8, 2022, PNC and Debtor filed Joint Stipulated and Disputed Facts, which are incorporated by reference herein. Docket No. 571.

### III. STANDARD

While neither the Federal Rules of Civil Procedure, nor the Bankruptcy Rules, provide a specific standard for addressing a motion to strike supplemental briefing, motions to strike typically arise in the context of pleadings, not motions or supplemental briefing, and are generally disfavored. Courts have consistently found that "[m]otions to strike are generally viewed with disfavor, and should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law." *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (MD. Pa. 1989). Courts should generally deny a motion to strike "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (DNJ, 2002). Further, "while courts possess considerable discretion," "such motions are not favored and will generally be denied unless the material bears no possible relation to the matter at issue and may result in prejudice to the moving party." *Blum v. Council Rock School*

*District*, 2003 U.S. Dist. LEXIS 3022, 2003 WL 1873617 *3 (E.D. Pa.) (*quoting Miller v. Group Voyagers, Inc.*, 912 F. Supp. 164, 168 (E.D. Pa.1996)); *see also* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1380; *Lichtenstein v First Nat'l Bank (In re Moll Group, LLC)*, 2005 Bankr. LEXIS 3320, at *27 (Bankr. E.D. Pa. June 15, 2005) (same).

## IV.    ARGUMENT

### A.    Debtor's cited rules are inapplicable because PNC's Supplemental Brief is not a pleading.

Almost ***four*** months after PNC filed its Supplemental Brief setting forth additional law in support of the Motion to Vacate, Debtor seeks to strike PNC's Supplemental Brief as untimely. Debtor relies on W.PA.LBR 9014-1 related to responsive pleadings in contested matters and Fed. R. Civ. P. 15(d) regarding supplemental pleadings to argue PNC's Supplemental Brief was untimely and should have been filed by September 7. Docket No. 562. Debtor's reliance on both rules is misplaced.

Bankruptcy Rule 9014 and W.PA.LBR 9014-1 govern the timing of filings of responsive pleadings in contested matters. The Supplemental Brief is not a responsive pleading to a contested matter as it was filed in support of PNC's motion under Federal Rule of Civil Procedure 60. Further, it is a brief supplementing the legal basis of the Motion to Vacate, which remains pending before this Court. Debtor's attempt to recast PNC's filing as a contested matter is without merit and simply a further attempt to prevent this Court from being fully informed of the current status of governing case law.

Federal Rule of Civil Procedure 15(d) does not apply. This rule addresses amended and supplemental pleadings.  A pleading is:

**(1)** a complaint;
**(2)** an answer to a complaint;
**(3)** an answer to a counterclaim designated as a counterclaim;

5

  **(4)** an answer to a crossclaim;
  **(5)** a third-party complaint;
  **(6)** an answer to a third-party complaint; and
  **(7)** if the court orders one, a reply to an answer.

Fed R. Civ. Pro. Rule 7(a). Given that the Supplemental Brief is not a pleading as defined under the Rules, Federal Rule of Civil Procedure 15(d) does not support Debtor's request.

As all the legal authority cited in Debtor's Motion is inapplicable, the Motion fails to provide a basis to strike PNC's Supplemental Brief. Accordingly, Debtor's Motion should be denied.

  **B.**  **Debtor's Motion to Strike Fails to provide sufficient law to strike PNC's Supplemental Brief.**

Debtor argues "[p]ursuant to 11 U.S.C.A. § 105, the Court has the power to issue and enforce Orders to allow for judicial efficiency." Docket No. 562, p. 8. Section 105(a) of the Bankruptcy Code does not apply here, nor is its purpose of furthering judicial efficiency promoted by striking PNC's Supplemental Brief.

Section 105(a) of the Bankruptcy Code must be applied in a manner consistent with applicable law, and "does not authorize the bankruptcy court to create rights not otherwise available under applicable law." *In re Amatex Corp.*, 97 Bankr. 220, 225 (Bankr. E.D. Pa.), *aff'd* 102 B.R. 411 (E.D. Pa. 1989). As discussed below, the Bankruptcy Code expressly provides that a party may request at any time the court reconsider "a claim that has been allowed or disallowed" pursuant to the equities of the case. 11 U.S.C. § 521(j). Thus, Debtor's request that this Court use its authority under Section 105(a) of the Bankruptcy Code to strike the Supplemental Brief in support of a request that the Court reconsider PNC's claim which has been disallowed as secured is contrary to the provisions of Section 502(j) and Bankruptcy Rule 3008. Accordingly, Section

6

105(a) of the Bankruptcy Code does not authorize this Court to grant Debtor's Motion to Strike as the proposed use is inconsistent with other provisions of the Bankruptcy Code.

Further, judicial efficiency is promoted when all legal arguments and theories are before the Court in rendering a ruling. *See Delaware Health Care. Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1292 (D. Del. 1995) (citations omitted) ("When faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike."); *See also Crawford v Zambrano (In re Zambrano Corp)* 2010 Bankr LEXIS 6328, at *12-13 (Bankr W.D. Pa. Aug. 24, 2010) (denying motion to strike because the information sought to be stricken may ultimately lead to a better understanding of the claims) (internal citations omitted).

The Supplemental Brief promotes judicial efficiency and understanding of the issues because it provides the Court with a comprehensive picture of the applicable law and facts. PNC timely filed a Claim. Debtor objected to PNC's Claim, but failed to properly serve PNC. Docket 571. An Order of Default was entered, moving PNC's Claim to an unsecured status. PNC subsequently moved to vacate the April 7, 2021 Order of Default. While the Motion to Vacate was pending, PNC filed a Supplemental Brief demonstrating legal theories affecting the issues between Debtor and PNC not raised in the initial Motion to Vacate. PNC's Supplemental Brief focuses solely on the dispute between Debtor and PNC, namely whether service was proper, which precluded PNC from timely responding to Debtor's Objection to the Claim and whether PNC's Claim is secured or unsecured. Additionally, it is now an undisputed matter of record that Debtor did not serve PNC's PO Box listed on its Notice of Claim. Docket No. 571. PNC's Supplemental Brief provides a better understanding of the issues and promotes a just disposition of the issue. *See Crawford v Zambrano (In re Zambrano Corp)*, *supra*.

Not only does Debtor fail to demonstrate a legal theory to strike the Supplemental Brief, Debtor also fails to demonstrate any prejudice by its inclusion. *See FTC v Commonwealth Mktg Group, Inc.*, 72 F Supp 2d 530, 545 (WD Pa, 1999) (Motions to strike "are frequently denied absent a showing of prejudice to the moving party"). The Motion to Vacate was pending before the Court when the Supplemental Brief was filed. There are no new facts contained in the Supplemental Brief and no impediment to Debtor responding substantively to the Supplemental Brief. There can be no prejudice in bringing attention to the appropriate legal arguments for understanding the issues prior to the issuance of any ruling.[1]

As the Supplemental Brief provides a better understanding of the issues, promotes the just disposition of the issues and there is no prejudice to Debtor, there is no basis for the Motion to Strike. Debtor's Motion should be denied.

### C.     PNC's Supplemental Brief requesting the Court reconsider whether the Claim was secured under Section 502(j) of the Bankruptcy Code and Rule 3008 was timely.

Also included in PNC's Supplemental Brief, PNC sought reconsideration of its disallowed claim. Docket No. 481 Section IV.C. As demonstrated more thoroughly in its Supplemental Brief, this Court is permitted for cause at any time to reconsider "a claim that has been allowed or disallowed" pursuant to the "equities of the case." 11 U.S.C. § 502(j). Debtor's Motion lacks any applicable reason, fact, or case law, that would identify the request for reconsideration as impermissible or should be stricken under Section 502(j) of the Bankruptcy Code. Docket No. 562. PNC's Supplemental Brief demonstrated the equities in this case warrant reconsideration for cause regarding the disallowance of PNC's claim and such request was timely.

---

[1] Debtor did not substantively address PNC's Supplemental Brief or why the asserted legal theories should not be considered.  To the extent Debtor's Motion is seeking the ability to substantively respond, PNC has no objection to Debtor providing the Court with a substantive response (which was also included in PNC's Proposed Order submitted with its Supplemental Brief).

The equities in this case weigh in favor of this Court exercising its discretion and setting aside the Order under Section 502(j) of the Bankruptcy Code and Rule 3008. 11 USCS § 502(j); Rule 3008; *See also In re Anderson*, 330 B.R. 180, 188 (Bankr. S.D. Tex. 2005). **First**, PNC was not properly served with the Objection under Rule 3007. **Second**, Debtor improperly filed the Objection as a contested matter when it should have been filed as an adversary proceeding. **Third**, as discussed in PNC's Motion, counsel for PNC was not on notice of the Objection or the deadline to respond. **Fourth**, as discussed below, PNC's Mortgage actually encumbers the Property even though the Property is owned as tenants by the entirety and only Debtor signed the Mortgage. **Finally**, Debtor will not be prejudiced by a reconsideration of PNC's Claim as: **(1)** there is equity in the Property for payment of unsecured creditors beyond PNC's Mortgage; **(2)** Debtor has not yet achieved approval of disclosure statements as amended disclosures statements are due April 22, 2022; and **(3)** confirmation of the plan has not occurred. While Debtor will not be prejudiced by a reconsideration of the Claim, PNC will be extremely prejudiced if the Order is not set aside as PNC will have gone from an over-secured creditor to an unsecured creditor, despite Debtor's failure to properly serve the Objection, to file an adversary proceeding and to recognize that the Mortgage is valid and enforceable pursuant to the Entireties Presumption in Pennsylvania.

Accordingly, reconsideration under Section 502(j) of the Bankruptcy Code is permitted and warranted when the parties proceed in good faith and operate on a mistaken assumption.

## V. CONCLUSION

As discussed more thoroughly above, this Court should deny Debtor, Ronald Linaburg's Motion to Strike PNC's Supplemental Brief because: **(1)** PNC's Supplemental Brief is not a pleading, and Debtor's cited rules do not apply to strike the Supplemental Brief; **(2)** Section 105(a) of the Bankruptcy Code does not apply and further inclusion of PNC's Supplement Brief promotes

judicial efficiency; and, **(3)** PNC's claim can be reconsidered under Section 502(j) of the Bankruptcy Code and Rule 3008 at any time because the equities in this case weigh in favor of PNC. It is necessary for the Court to have all applicable laws before it prior to issuing a ruling and permitted under 11 U.S.C.A. §105. Accordingly, Debtor's Motion should be denied.

|  |  |
|---|---|
|  | DINSMORE & SHOHL LLP |
| Dated: April 25, 2022 | */s/ John J. Berry* |
|  | John J. Berry, Esquire |
|  | PA ID # 313481 |
|  | john.berry@dinsmore.com |
|  | Six PPG Place, Suite 1300 |
|  | Pittsburgh, PA 15222 |
|  | Telephone:   (412) 281-5000 |
|  | Facsimile:    (412) 281-5055 |