# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Ronald G. Linaburg, | : | Bankruptcy No. 20-22898-CMB |
| Debtor. | : | |
| | : | Chapter 11 |
| Ronald G. Linaburg, | : | |
| | : | Document No.: |
| Movant, | : | |
| | : | Related Claim No.: 4 |
| v. | : | |
| | : | Related Document No. 143, 144, |
| PNC Bank, N.A., | : | 290, 593 |
| | : | |
| Respondent. | : | |
| | : | |

## RESPONSE BRIEFING IN FURTHER OPPOSITION OF PNC'S MOTION TO VACATE THE APRIL 7, 2021 DEFAULT ORDER

AND NOW, comes the Debtor, Ronald G. Linaburg ("Debtor"), by and through his counsel, Brian C. Thompson, Esquire, Thompson Law Group, P.C., and files the following Response Briefing in Further Opposition of PNC's Motion to Vacate the April 7, 2021 Default Order ("PNC's Motion").  Docket No. 290.

**I.     INTRODUCTION**

This Court should deny PNC's Motion for the following additional reasons:

*First*, Movant, PNC Bank, N.A. ("PNC") seeks reconsideration under Federal Rule of Bankruptcy Procedure ("Rule") 3008 and 9024, applying F.R.C.P 60(b).  However, as discussed at greater length herein, due to seeking reconsideration outside of the appeal period of the April 7, 2021 Default Order ("Default Order"), PNC is not permitted to revisit underlying merits absent a showing of "good excuse" for its failure to timely contest the Objection.

1

***Second,*** Debtor provided actual notice of the Objection to PNC which satisfies the procedural due process requirements and does fail to support a finding of "good cause" to revisit the underlying merits of the instant case.

***Third,*** PNC fails to allege facts that would support a determination of excusable neglect that would permit a reconsideration of the Default Order under F.R.C.P 60(b).

***Fourth***, PNC fails to establish "cause" that would support reconsideration under 11 U.S.C. § 502(j), Rule 3008 and Rule 9024, applying F.R.C.P. 60(b).

## II.    FACTUAL BACKGROUND

1. On July 22, 2016, only Debtor executed a Choice Home Equity Line of Credit Agreement in favor of PNC with a maximum principal balance of $690,000.00 (the "Agreement"). Additionally, only the Debtor executed the Mortgage of record in Allegheny County (the "Mortgage") that purported to secure the indebtedness under the Agreement upon the real property commonly known as 924 Valleyview Road, Pittsburgh, Pennsylvania (the "Property").  Proof of Claim No. 4.

2. The Property is owned jointly with non-Debtor spouse by tenancy by entirety.

3. On October 9, 2020, Debtor Ronald Linaburg ("Debtor") filed a voluntary petition with the Court under Chapter 11 of the Bankruptcy Code (the "Bankruptcy").

4. On January 13, 2021, PNC filed a proof of claim in the amount of $650,075.43 in the Bankruptcy and indicated that it was secured by a lien on the Property (the "Claim").  Proof of Claim No. 4.

5. On March 12, 2021, Debtor filed an Objection to the Claim (the "Objection"), together with Notice of Hearing, disputing the "secured" claim status only as it stated on the Proof

of Claim. ECF # 143, 145. The Property is owned by Debtor and his non-filing spouse as tenants by the entirety and the Mortgage was not signed by his non-filing spouse. Debtor contested the claim status only, as listed on the Proof of Claim and took no further action as it relates to PNC's claim.

6. The Objection was served on counsel of record for PNC by ECF notice and certified mail at c/o KLM Law Group, P.C., 701 Market Street, Suite 5000, Philadelphia, PA 19106, on March 12, 2021. ECF # 144. PNC also received additional notices of the case and other case filings.

7. On April 7, 2021, Debtor filed a Certificate of No Objection Regarding the Hearing on PNC's Proof of Claim No. 4. ECF # 179.

8. On April 7, 2021, this Court entered an Order granting the Objection and disallowed PNC's status as being a *secured* claim, designating the claim as an unsecured, non-priority claim (the "Order"). ECF # 180.

9. On August 9, 2021, PNC filed a Motion to Vacate the April 7, 2021 Default Order by F.R.B.P. 9024, applying F.R.C.P. 60(b) ("PNC's Motion"), arguing that relief should be granted from the Order, alleging "mistake, inadvertence, surprise, or excusable neglect," because PNC's counsel failed to properly process the notice of the Objection to the Proof of Claim, the order regarding the hearing, or the subsequent order granting the Objection, due to a software issue where the registered ECF user was not appropriately set up. ECF # 290.

10. On August 24, 2021, Debtor filed his Response to Motion to Vacate the April 7, 2021 Default Order, alleging he served the Objection on PNC's counsel via first class mail and the ECF system notice and that PNC had actual notice. ECF # 311.

11. On October 18, 2021, this Court entered a text order continuing PNC's Motion to a status conference on December 13, 2021. The Court directed the parties use the interim time to explore possible resolution. ECF # 413.

12. PNC obtained additional counsel, whose appearance was entered on October 26, 2021. ECF # 421.

13. On December 16, 2021, PNC filed, via additional counsel, a Supplemental Brief In Further Support of PNC's Motion to Vacate the April 7, 2021 Default Order, which seeks to introduce additional arguments related to the Motion to Vacate which were not included in the original motion. ECF # 481

14. On March 8, 2022, a Status Conference was held before this Court, at which time the Court directed parties and counsel to hold a 3-hour meet and confer. Additionally, Debtor and PNC were directed to file Stipulated Facts and Disputed Facts. ECF # 549.

15. On April 1, 2022, Debtor filed a Motion to Strike Supplemental Brief in Further Support of PNCs Motion to Vacate, arguing that PNC filed said Brief untimely and without leave of this Court to do so. ECF # 562.

16. On April 8, 2022, Debtor and PNC filed Stipulated Facts and Disputed Facts. ECF # 571.

17. On April 25, 2022, PNC filed a Response in Opposition to Debtor's Motion to Strike PNCs Supplemental Briefing in support of PNCs Motion to Vacate. ECF #581.

18. On May 5, 2022, this Court denied Debtor's Motion to Strike PNCs Supplemental Briefing in support of PNCs Motion to Vacate and further Order Debtor to file this within Response Briefing in Further Opposition of PNC's Motion to Vacate the April 7, 2021 Default Order.

19. Counsel for PNC and Debtor have met and conferred on the matter on several occasions, and while Debtor's counsel believes progress has been made, the parties have been unable to reach an agreement to date.

### III. STANDARD

The following standards govern reconsideration sought under 11 U.S.C. § 502(j), Rule 3008 and Rule 9024, applying F.R.C.P. 60(b):

**A. Reconsideration of an Order disallowing a claim.**

A Motion to Reconsider or Vacate an Order allowing or disallowing a claim when filed after the period to appeal the original Order, is subject to the constraints of F.R.C.P. 60(b). A F.R.C.P. 60(b) motion seeking reconsideration is not permitted to revisit the underlying merits or argue that the Court committed a legal error arriving at that judgment, but rather the movant must "first establishes a good excuse, cognizable under FRCP 60(b), for its failure to timely contest the objection." *In re Wylie*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006). Thus, "[r]econsideration under 502(j) is a two-step process. First, a court must decide whether there is 'cause' for reconsideration. Then, the court must decide whether the 'equities of the case' dictate allowance or disallowance of the claim." *Dorula v. Flanders (In re Starlight Group, LLC)*, 515 B.R. 290, 293 (Bankr. E.D. Va. 2014).

**B. Determining whether there is "cause" for reconsideration under F.R.C.P. 60(b).**

Section 502(j) of the Bankruptcy Code provides in pertinent part: "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 USCS § 502(j). Rule 3008 provides that a "party in interest may move for reconsideration of an order allowing or disallowing a claim against

5

the estate. The court after a hearing on notice shall enter an appropriate order." Rule 3008. This Court has discretion regarding whether or not to entertain requests under Rule 3008 and Section 502(j) of the Bankruptcy Code. *In re Anderson*, 330 B.R. 180, 188 (Bankr. S.D. Tex. 2005). However, neither § 502(j) or Rule 3008 define "cause" for reconsideration, but rather guidelines for what may be "cause" are found under Rule 9024, which provides that F.R.C.P. 60(b) is controlling. *In re H.K. Porter Co., Inc.,* 156 B.R. 149, 150 (Bankr. W.D. Pa. 1993).

IV. **ARGUMENT**

A. **Movant is subject to the constraints of F.R.C.P. 60(b) and may not revisit the underlying merits absent a showing of "good cause."**

The Objection to Claim and Notice of Hearing were filed on March 12, 2021. ECF # 145, 146. The Default Order was entered on April 7, 2021. ECF # 180. PNC filed its Motion to Vacate the April 7, 2021 Default Order on August 8, 2021, nearly four mouths after the Default Order was entered and three and a half months after the appeal period for said order. ECF # 290. When reconsideration is sought outside of the appeal period F.R.C.P. 60 is controlling, and "the party seeking reconsideration is not permitted to revisit the merits of the underlying judgment or argue that the trial court committed some legal error in arriving at that judgment." *In re Wylie*, 349 B.R. at 209. As discussed more fully herein, PNC, through counsel, received actual notice, both electronically and by first-class mail of the Objection, Notice, and corresponding Order, yet failed to take any action for nearly four months. As such, the proper standard to apply would require PNC to "first establishes a good excuse, cognizable under FRCP 60(b), for its failure to timely contest the objection." *Id.*

6

> **B.  Debtor's actual notice satisfied procedural due process requirements and the relief sought does not satisfy the "cause" requirement of F.R.C.P. 60(b).**

Movant contends the Debtor failed to properly serve PNC.  Debtor was required to serve PNC under Rule 3007 and Rule 7004.

Rule 3007(a)(2) provides that:

> (A) The objection and notice shall be served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated; and …
> (ii) if the objection is to the claim of an insured depository institution, in the manner provided by Rule 7004(h).

Rule 7004(h) provides for additional service on insured depository institutions as follows:

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested manner or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;

However, "state and federal courts have frequently decided, in cases where a plaintiff received actual notice, that the Due Process Clause was not offended even though the defendant had failed to fulfill all technical notice requirements imposed by statute or rule." *Oneida Indian Nation of New York v. Madison Cnty.,* 665 F.3d 408, 429 (2d Cir. 2011) (internal citations omitted).

KML Law Group entered their appearance on behalf of PNC Bank on November 11, 2020.  ECF # 24.  Debtor served counsel of record with the Objection and Notice of Hearing, as indicated by the Certificate of Service and Amended Certificate of Service.  ECF # 146, 311.  In fact, PNC's own Motion to Vacate the April 7, 2021 Default Order does not contend that they did not receive appropriate notice, but rather that due to Mrs. Miksich's account being "incorrectly configured" the notices actually received in her cases were "not being processed correctly."  *See* ECF # 290, at ¶¶ 9-11.  Furthermore, the Objection and Notice were also sent by first-class mail to PNC Bank

c/o KML Law Firm and was not returned. *See* ECF # 146, 311. Additional notices have been served as indicated on the Court's Certificates of Mailing in this case. "[T]he common law has long recognized a presumption that an item properly mailed was received by the addressee." *Bratton v. Yoder Co. (In re Yoder Co.)*, 758 F.2d 1114, 1118 (6th Cir.1985) (citing *Hagner v. United States*, 285 U.S. 427, 430 (1932). *See Oneida,* 665 F.3d at 429.

As Debtor did provide actual notice in accordance with *Oneida*, PNC fails to provide "good excuse, cognizable under FRCP 60(b), for its failure to timely contest the objection." *In re Wylie*, 349 B.R. at 209. PNC admits that actual notice was provided and aside from alleging internal communication error, offers no compelling basis for excusing their failure to act. Thus, PNC has not shown just reason that would require the disturbance of this Court's Order.

    **C.    PNC fails to establish conduct to support a finding of "excusable neglect" that would satisfy the "cause" requirement of F.R.C.P. 60(b).**

Movant alleges that relief sought should be granted under F.R.C.P. 60(b)(1), alleging that relief sought should be granted under the same. To make a determination of excusable neglect, the Supreme Court set forth a four-factor test for courts to consider: 1) the danger of prejudice to the debtor; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Furthermore, PNC, as the client, must be held accountable for the acts or omissions of their attorneys, i.e., KML Law Group, as their freely selected agent. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-634 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1880)). Therefore, in determining whether the neglect was excusable, "the proper focus is upon whether

8

the neglect of respondents *and their counsel* was excusable." *Pioneer*, 507 U.S. at 397 (emphasis in original).

In the case at bar, the danger of prejudice to the Debtor is great as he is forced to relitigate an already settled matter which is prejudicial to him and the bankruptcy estate. As stated *supra*, PNC received actual notice of the Objection, in addition to notice of many additional case filings. Yet, PNC failed to act for nearly four months, until August of 2021. The reason alleged for such a delay was not the they actual notice was not received, but rather it was due to Mrs. Miksich's account being "incorrectly configured" the notices actually received in her cases were "not being processed correctly." *See* ECF # 290, at ¶¶ 9-11. Mrs. Miksich entered her appearance approximately five months prior to the filing of the instant Objection, therefore due diligence would require a monitoring of her active caseload as a failsafe for any potential technological failure. *See* ECF # 24. Therefore, the reason for the delay was well within the reasonable control of the Movant.

Considering the totality of the four-factors set forth by the *Pioneer* Court, it is clear that this instant matter does not meet the threshold required to support a finding of excusable neglect that would allow for a reconsideration of the Default Order.

V.   **CONCLUSION**

As discussed at great length herein, this Court should deny PNC's Motion to Vacate the April 7, 2021 Default Order because Movant fails to establish "cause" that would support the relief sought. As PNC failed to act until after the applicable appeal period, the merits of the case shall not be revisited absent a showing of good cause as to why PNC failed to act for nearly four months.

The threshold is clearly not met that would support such a finding; thus the merits need not be reviewed. Debtor respectfully requests that this Honorable Court deny PNC's Motion to Vacate.

                                                Respectfully submitted,

Date: June 2, 2022                  By:    /s/ Brian C. Thompson
                                                     Brian C. Thompson, Esq.
                                                     Pa. I.D.: 91197
                                                   Thompson Law Group, P.C.
                                                   125 Warrendale Bayne Road, Suite 200
                                                   Warrendale, PA 15086
                                                   T: (724) 799-8404
                                                   F: (724) 799-8409
                                                   bthompson@thompsonattorney.com