IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>Ronald G. Linaburg,<br><br>        Debtor. | Case No. 20-22898-CMB<br><br>Chapter 11 |
| PNC Bank, N.A.<br><br>        Movant<br>v.<br><br>Ronald G. Linaburg,<br><br>        Respondent. | Related to Doc. Nos.  180, 290, 311, 481<br>571, 600 and 609 |

**CONSENT ORDER REGARDING MEDIATION RETAINER AGREEMENT
AND SCHEDULING ORDER**

     This Mediation Retainer Agreement and Scheduling Order ("Agreement") is made on this 30TH day of June 2022, by and between PNC Bank, N.A. (the "Movant"); Ronald G. Linaburg, (the "Respondent") and David K. Rudov, (the "Mediator").

     The parties acknowledge that a dispute has arisen between the Movant and the Respondent in this Chapter 11 case as referenced in the documents listed above. The parties further acknowledge that the Honorable Carlota M. Bohm has issued an Order dated June 10, 2022, at Document # 609 requiring that Mediation is to occur pursuant to the 9019-2 of the Local Rules of this Court. Therefore, the parties have selected David K. Rudov, Esq. to serve as the Mediator on this dispute to organize and schedule the Mediation conference. Therefore, the Parties and the Mediator have agreed to the terms and conditions set forth below:

I.    DUTIES AND OBLIGATIONS

    A.    The Mediator shall not divulge any confidential information disclosed to the Mediator by any of the Parties, their counsel, or by their witnesses in the course of the Mediation without authority from the Specific Party to do so.  Confidential information shall include, but not be limited to:

        1.    Statements or admissions made by a Party or its counsel in the course of the Mediation;
        2.    Proposals or suggestions made, or views expressed, by the Mediator;
        3.    The fact that a Party had or had not indicated willingness, reluctance, or refusal to accept a proposal for settlement made by the Mediator

        4. Accounting, financial or other information belonging to a Party, prepared solely for the Mediation, whether prepared by a Party or its counsel and whether oral or written; or,

        5. Any document prepared by a Party for the Mediation and other information identified as confidential by a Party or its counsel, subject to Section C below.

    B. All confidential information shall be strictly confidential and shall not be used outside of the Mediation for any purpose whatsoever, subject to Section C below.

    C. Evidence or information that is otherwise admissible or subject to discovery does not become inadmissible or protected from discovery solely by reason of its disclosure or use in the Mediation.

    D. Unless all Parties and the Mediator otherwise agree in writing:

        1. The Mediator shall be disqualified as a witness in any pending or future investigation, action or proceeding in connection with the Mediation.

        2. A Party shall not seek, either directly or indirectly, to compel the disclosure of confidential information or require the Mediator to testify concerning any aspect of the Mediation in any case or court proceeding. The Parties shall oppose any effort to have the Mediator subpoenaed for testimony or documents disclosed in connection with the Mediation.

        3. There shall be no stenographic, audio or visual record of any session of the Mediation.

        4. Neither the Mediator nor his employees, agents or partners shall be liable for any act or omission in connection with the Mediation, other than as a result for the breach of this Agreement.

II. DISCLOSURE OF RELATIONSHIPS

    A. The Mediator has performed a conflict check and determined that he has no conflicts of interest with regards to any of the Parties in this disputed matter.

III. COMPENSATION

    A. The Mediator shall be compensated for time expended in connection with preparation and attendance at the Mediation at a rate of $375.00 per hour plus expenses. All fees and expenses shall be paid in accordance with paragraph 7 of the Order of Court filed at document number 609 which provides, inter alia: *All fees and costs incurred by the Mediator shall be paid on or before fifteen days following the date of receipt of the mediator's invoice(s).* The parties shall advance to the Mediator a retainer of $4,000.00 ($2,000.00 from each party) to be held in Trust and invoiced against as fees and expenses as they are incurred. The Mediator will submit a final statement for services rendered to counsel for each of the Parties following the Mediation.

IV. SCHEDULE

    A. The Parties agree to the following schedule:

1. On or before July 21, 2022, the Parties will submit to the Mediator confidential Mediation Statements together with any necessary exhibits or supporting documents.

2. The Mediation of this matter will take place on July 28, 2022 at the offices of _____.

3. Each of the Parties will have in attendance at the Mediation an individual(s) who has authority to settle this matter at the time of the Mediation.

4. The Parties agree that the Mediator may discuss separately and privately with Counsel for each of the Parties or the Parties with Counsel, prior to the Mediation regarding the dispute that gives rise to the Mediation.

5. In accordance with paragraph 3 of the Order of Court, the Parties shall endeavor to have the Mediation occur at an "in person" conference, unless the Parties agree to have the Mediation on a Zoom video conference.

B. This Agreement may be executed in any number of counterparts, all of which, taken together, shall constitute one Agreement.

MEDIATOR

*David K. Rudov, Esq.* (signature)
David K. Rudov, Esq.

PNC Bank, N.A., Movant

By: _(signature)_

Its: _____
By Its Counsel

Ronald G. Linaburg, Respondent

By: _(signature)_

Its: _(signature)_
By Its Counsel

**So Ordered,**

_____
Dated

_____
Hon. Carlotta M. Bohm, C.B.J.

THIS CONSENT ORDER REGARDING MEDIATION RETAINER AGREEMENT AND SCHEDULING ORDER WAS PREPARED BY DAVID K. RUDOV, ESQ.