UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Ronald G. Linaburg, | : | Bankruptcy Case No.: 20-22898CMB |
| Debtor. | : | Chapter 11 |
| Ronald G. Linaburg, | : | |
| Plaintiff, | : | |
| | : | Document No.: |
| v. | : | |
| | : | Related to Document No.: 699 |
| PNC Bank, N.A., | : | |
| | : | Related to Claim No. 4. |
| Defendant. | : | |

## PNC BANK, N.A.'S RESPONSE TO DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM NO. 4

PNC Bank, N.A. ("PNC") responds to Debtor's Objection (the "Objection") [Doc. No. 699] to PNC's Amended Proof of Claim No. 4 ("Amended Proof of Claim") as follows. The success or failure of the Objection is contingent on the outcome of the Adversary Proceeding. PNC requests this Court hold the Objection and Response in abeyance pending the resolution of the Adversary Proceeding. Once resolved, PNC requests the Court set a briefing schedule so the parties can present the evidence necessary for a ruling on the Objection.

### FACTUAL BACKGROUND

1. On December 20, 2001, Debtor and Judith K. Linaburg ("Mrs. Linaburg") executed a mortgage in favor of PNC against the property commonly known as 924 Valleyview Road, Pittsburg, Pennsylvania 15243 (the "Property") to secure a PNC Home Equity Line of Credit in the amount of $690,000.00 (the "Loan"). Docket No. 571. The mortgage was recorded in the Allegheny County Recorder's Office in Mortgage Book Volume 22003, Page 380 (the "2001 Mortgage"). *Id.*

2. After the 2001 Mortgage was recorded, on December 13, 2010 (the "2010 Deed"), Debtor and Mrs. Linaburg acquired title to the Property as tenants by the entirety ("TBE"). Docket No. 571. The 2010 Deed was recorded in the Allegheny County Recorder's Office in Deed Book Volume 14461, Page 208 on December 21, 2010. *Id.*

3. On May 30, 2016, Debtor and Mrs. Linaburg submitted an income statement and balance sheet to PNC for the purpose of refinancing the 2001 Mortgage. The document was signed by both Debtor and Mrs. Linaburg and identified the outstanding balance on the Loan in the amount of $354,102.00 secured by the 2001 Mortgage. *Id.*

4. On July 22, 2016, Debtor executed a Choice Home Equity Line of Credit Agreement in favor of PNC in the amount of $690,000.00 (the "2016 HELOC") and an Open-End Mortgage, which pledged the Property as collateral (the "2016 Mortgage") to secure the 2016 HELOC. Proof of Claim; Docket No. 571. The 2016 Mortgage was recorded in the Allegheny County Recorder's Office in Mortgage Book Volume 46783, Page 443. *Id.*

5. A portion of the funds advanced under the 2016 HELOC were used to pay off the $354,102.00 balance owed under the Loan secured by the 2001 Mortgage. *Id.*

6. On August 10, 2016, PNC recorded a Satisfaction of the 2001 Mortgage. *Id.*

## PROCEDURAL HISTORY

7. On October 9, 2020, Debtor filed Chapter 11 Bankruptcy. Docket No. 1.

8. On January 13, 2021, PNC filed a proof of claim in the amount of $650,075.43 representing the balanced owed on the 2016 HELOC as of the petition date, secured by the 2016 Mortgage on the Property. Proof of Claim No. 4.

9. On November 29, 2022, following the protracted litigation between Debtor and PNC regarding Debtor's prior claim objection, PNC filed an Amended Proof of Claim ahead of

Debtor's deadline to file his proposed disclosure statement and plan. Amended Proof of Claim No. 4. PNC's Amended Proof of Claim reflects its position that it has a valid lien against the Property, is an over-secured creditor against the Property, and is entitled to post-petition interest and its attorney fees and costs under Section 506(b) of the Bankruptcy Code. PNC further reserves its right to amend its Amended Proof of Claim again to account for additional post-petition interest and attorney fees and to object to Debtor's valuation of the Property.

10. On December 5, 2022, Debtor filed an Adversary Proceeding against PNC challenging PNC's designation as a secured creditor against the Property. Docket No. 679; Adversary Case Proceeding Docket No. 22-02704.

11. On January 6, 2023, PNC filed a Motion to Dismiss the Adversary Proceeding for failure to state a claim. Adversary Case Proceeding Docket No. 22-02704, Docket No. 5.

12. On January 10, 2023, PNC filed an objection to the Debtor's Amended Disclosure. Docket No. 685.

13. On January 23, 2023, Debtor filed an Amended Adversary Proceeding Complaint (the "<u>Amended Complaint</u>"). Adversary Case Proceeding Docket No. 22-02704, Docket No. 5 (the "<u>Adversary Proceeding</u>"). PNC's deadline to respond to the Amended Complaint is March 1, 2023.

14. On January 26, 2023, Debtor filed an Objection to the Amended Proof of Claim. Docket No. 699. Therein, Debtor acknowledges filing the Objection in order to preserve any and all rights against PNC's Amended Proof of Claim pending the outcome of the Adversary Proceeding. *Id.*

15. PNC responds to the Objection in order to preserve its rights pending the outcome of the Adversary Proceeding.

**RESPONSE**

The Objection is based on Sections 502(b)(1) and 506 of the Bankruptcy Code and contingent on a potential holding in the Adversary Proceeding that PNC's 2016 Mortgage is not enforceable against the Property because Mrs. Linaburg did not sign the 2016 Mortgage. Because the Objection is premised on a contingency that has not occurred, it is premature. Accordingly, PNC provides the following response but requests this Court stay a determination on the Objection until conclusion of the Adversary Proceeding.

**A.     PNC's Amended Proof of Claim is permitted as it is enforceable against Debtor.**

Under Section 502(b)(1) of the Bankruptcy Code, a claim may be disallowed to the extent that it is unenforceable against the Debtor. *See* 11 U.S.C. § 502(b)(1). Whether a claim is enforceable against Debtor is an issue decided under Pennsylvania law. *In re Shelter Enters., Inc.*, 98 B.R. 224, 229-30 (Bankr. W.D. Pa. 1989) ("State substantive law determines the existence of a claim; however its allowance or disallowance is a matter of federal law and is left to the bankruptcy court's exercise of equitable powers.")

In the Adversary Proceeding, Debtor seeks a determination that PNC's 2016 Mortgage is unenforceable against Debtor because Mrs. Linaburg did not execute the 2016 Mortgage. Amended Complaint. The Objection is based on the same argument. As previously argued before this Court, PNC maintains the 2016 Mortgage is valid and enforceable under the Entireties Presumption. Docket No. 481, 600; Adversary Case Proceeding Docket No. 22-02704, Docket No. 5. However, the substantive issue is far from resolved as PNC's responsive pleading in the Adversary Proceeding is not due until March 1, 2023. Thus, pursuant to the Court's equitable powers, PNC requests this Court stay the Objection until the conclusion of the Adversary

Proceeding, allow the parties to brief the Objection after the Adversary Proceeding, and issue a decision at that time.

**B.    PNC is an over-secured creditor entitled to its post-petition interest and attorney fees and costs.**

Debtor scheduled the Property as having a value of $800,000. Second Amended Disclosures, Docket No. 673. Under Section 506(b) of the Bankruptcy Code, PNC is entitled to "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose" up to the extent of the value in the Property. 11 U.S.C. § 506(b); *In re Joubert*, 411 F.3d 452, 454 (3d Cir. 2005); *see also In re Nunez*, 317 B.R. 666, 670 (Bankr. E.D. Pa. 2004) (stating that "section 506(b) applies only to post-petition interest, fees and costs sought in a secured creditor's proof of claim" and that "[t]he 'allowability' of pre-petition claims is governed by section 502 and not by section 506(b)"). Through the Amended Proof of Claim, PNC seeks recover of its post-petition interest and post-petition attorney fees and costs up to the value of the Property.

    **i.    Post-Petition Interest.**

PNC is entitled to recover post-petition interest at the rate agreed to in the 2016 HELOC, as an over-secured creditor. During the post-petition, pre-effective date period, most courts will award interest under Section 506(b) of the Bankruptcy Code at the contract rate to an over-secured creditor, which interest may include a default rate. *S. Canaan Cellular Invs. LLC v. Lackawaxen Telecom, Inc. (In re S. Canaan Cellular Invs. LLC)*, Nos. 09-10473bf, 09-10474, 09-0218, 2010 Bankr. LEXIS 2847, at *49-50 (Bankr. E.D. Pa. Aug. 19, 2010) (internal citations omitted). Here the interest rate applied in the Amended Proof of Claim is the contractual rate, which PNC is permitted to recover as an over-secured creditor. 11 U.S.C. § 506(b).

5

### ii. Attorney fees and costs.

Under Section 506(b) of the Bankruptcy Code, post-petition attorney's fees may be allowed "if three elements are satisfied: (1) the claim is an oversecured, allowed secured claim; (2) the fees are reasonable; and (3) the fees are provided for under the agreement between the parties or by statute." *In re Gordon-Brown*, 340 B.R. 751, 757 (Bankr. E.D. Pa. 2006); *accord In re Nunez*, 317 B.R. at 668 (stating the same); 4 *Collier on Bankruptcy* ¶ 506.04[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013), (stating the same). Unlike pre-petition fees and costs, whether post-petition fees and costs are reasonable under § 506(b) is determined according to "federal standards." *Collier, supra*, ¶ 506.04[3][d]; *see also In re Ryker*, No. 06-1872, 2007 U.S. App. LEXIS 17993, 2007 WL 2138590, at *4 (3d Cir. July 26, 2007) (citing *In re A & P Diversified Techs. Realty, Inc.*, 467 F.3d 337, 341 (3d Cir. 2006)) (stating that § 506(b) "governs the reasonableness of . . . attorneys' fees, irrespective of conflicting state law" and "preempts conflicting state law regarding attorneys' fees")).

Under federal law, the lodestar approach controls whether post-petition attorney fees and costs are reasonably incurred. *See Gordon-Brown*, 340 B.R. at 757. Pursuant to the lodestar approach, the Court will inquire "into the hours spent by the attorneys." *Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973). The Court need not examine "the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney" as long as it can determine the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations," etc. *Id.* Pennsylvania courts have looked at factors such as: **(1)** the amount of work performed; **(2)** the character of the services rendered; **(3)** the difficulty of the problems involved; **(4)** the importance of the litigation; **(5)** the amount of money or value of the property in question; **(6)** the degree of

6

responsibility incurred; **(7)** whether the fund involved was 'created' by the attorney; **(8)** the professional skill and standing of the attorney in his profession; and **(9)** the results he was able to obtain. *E.g., Mulholland v. Kerns*, 822 F.Supp. 1161 (E.D. Pa. 1993) (citing *In re LaRocca's Trust Estate,* 431 Pa. 542, 246 A.2d 337 (Pa. 1968)); *In re Nixon*, 400 B.R. 27, 38 (Bankr. E.D. Pa. 2008).

To the extent PNC successfully defends the Adversary Proceeding and is found to have a valid and enforceable lien against the Property, PNC has met or can present evidence at a formal hearing to establish its entitlement to post-petition attorney fees and costs under Section 506(b) of the Bankruptcy Code.

First, PNC is an over-secured creditor. "When the value of the collateral exceeds the amount of the claim, the creditor is 'oversecured.'" *In re Ryker*, No. 06-1872, 2007 U.S. App. LEXIS 17993, 2007 WL 2138590, at *3 n.6 (3d Cir. July 27, 2007). Debtor asserts the Property is valued at $800,000.00. Second Amended Disclosures, Docket No. 673. PNC's Amended Proof of Claim of $755,291.84 is less than Debtor's stated value of the Property. Thus, assuming Debtor's valuation, PNC is an over-secured creditor. PNC reserves the right to challenge whether the Property is worth more than the amount set forth in Debtor's schedules.

Second, PNC's asserted attorneys' fees are reasonable given the protracted litigation in this matter. Originally, Debtor failed to properly serve PNC with his objection to PNC's original proof of claim, resulting in a default judgment. Docket Nos. 144, 180. Instead of agreeing to set aside the default judgment after the procedural deficiencies were brought to Debtor's attention, Debtor engaged in protracted litigation. This forced PNC to incur attorney fees and costs to defend and protect its lien on the Property. Docket Nos. 481, 562, 571, 600. PNC intends to file a motion for approval of attorney fees under Section 506(b) of the Bankruptcy Court to prove up the attorney

7

fees and costs sought in the Amended Proof of Claim but believes the issue is premature given the pending Adversary Proceeding.

Third, PNC's legal fees are recoverable pursuant to the loan documents executed by Debtor. The 2016 HELOC provides PNC may recover sums, including legal fees. Amended Proof of Claim, Part 2. The Mortgage provides "[i]f [PNC] institutes any suit or action to enforce any of the terms of this Mortgage, [PNC] shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal...all reasonable expenses [PNC] incurs in [PNC's] opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall interest at the Credit Agreement rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, [PNC's] reasonable attorneys' fees and [PNC's] legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings…" Amended Proof of Claim Part 2. Thus, recovery of attorney fees and costs are provided for under the loan documents.

As set forth above, as an over-secured creditor and pending an evidentiary hearing on PNC's post-petition attorney fees and costs, PNC will be able to establish its entitlement to recover its reasonable post-petition attorney fees. *See In re Sheed*, 607 B.R. 470, 486-87 (Bankr. E.D. Pa. 2019) (permitting post-petition reasonable attorney's fees); *In re Gordon-Brown*, 340 B.R. 751, 757 (Bankr. E.D. Pa. 2006). However, at this time, the issue is premature.

### Conclusion

PNC requests this Court stay the Objection pending a resolution in the Adversary Proceeding. To the extent PNC is found to be a secured creditor after conclusion of the Adversary

Proceeding, PNC requests this Court set a briefing schedule on the issues herein so the parties can present the evidence necessary for a ruling.

                Respectfully submitted,

                DINSMORE & SHOHL LLP

Dated: February 17, 2023       */s/ John J. Berry*
                John J. Berry, Esquire
                PA ID # 313481
                john.berry@dinsmore.com
                Six PPG Place, Suite 1300
                Pittsburgh, PA 15222
                Telephone: (412) 281-5000
                Facsimile: (412) 281-5055

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In Re: | : | Bankruptcy No. 20-22898-CMB | |
| | : | | |
| RONALD G. LINABURG | : | | |
| | : | Chapter 11 | |
| Debtor(s) | : | Document No. | |
| | : | | |
| v. | : | | |
| | : | | |
| PNC BANK, N.A., | : | | |
| | : | | |
| Respondent | : | | |

**CERTIFICATE OF SERVICE**

    I. John Berry, Esquire, hereby certify that a true and correct copy of the foregoing documents was served upon the below named parties via CM/ECF on February 17, 2023.

Donna M. Donaher on behalf of Creditor First National Bank of Pennsylvania donaherd@fnb-corp.com

Keri P. Ebeck on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com

Jeffrey R. Hunt on behalf of Creditor Municipality of Mt. Lebanon jhunt@grblaw.com, cnoroski@grblaw.com
William E. Kelleher, Jr. on behalf of Mediator William E. Kelleher, Jr. bill.kelleher@dentons.com, michelle.graeb@dentons.com, pg.rib.filings.us.dcg@dentons.com

Jodi Hause, on Behalf of the United States Trustee by on behalf of U.S. Trustee Office of the United States Trustee
Jodi.hause@usdoj.gov
David.A.Berry@usdoj.gov
Steven.W.Albright@usdoj.gov

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Robert O Lampl on behalf of Interested Party William T. Kane rol@lampllaw.com,

jschemm@lampllaw.com;
jlacher@lampllaw.com;

10

jcooney@lampllaw.com;
rcooney@lampllaw.com;
slampl@lampllaw.com;
aholmquist@lampllaw.com;
kmonahan@lampllaw.com

Michael A. Shiner on behalf of Creditor
Renee R. Kalp
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Defendant
Rebecca L. Watkins, D.M.D.
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Defendant Renee
R. Kalp, D.M.D. mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Defendant
Ronald E. Hand, D.M.D.
mshiner@tuckerlaw.com

Maribeth Thomas on behalf of Creditor
Rebecca L. Watkins, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Roger P. Poorman on behalf of Creditor Dollar
Bank, Federal Savings Bank
rpoorman@metzlewis.com,
mmattheis@metzlewis.com

Michael A. Shiner on behalf of Creditor
Rebecca L. Watkins, D.M.D.
mshiner@tuckerlaw.com

Michael A. Shiner on behalf of Creditor
Ronald E. Hand, D.M.D.
mshiner@tuckerlaw.com

Maribeth Thomas on behalf of Defendant
Rebecca L. Watkins, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Maribeth Thomas on behalf of Defendant Renee
R. Kalp, D.M.D. mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com Maribeth Thomas on
behalf of Defendant Ronald E. Hand, D.M.D.
mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Maribeth Thomas on behalf of Creditor Renee
R. Kalp mthomas@tuckerlaw.com,
maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Maribeth Thomas on behalf of Creditor
Ronald E. Hand, D.M.D.
mthomas@tuckerlaw.com,

11

maribeth.thomas@gmail.com,
jrusnack@tuckerlaw.com

Paul R. Yagelski on behalf of Creditor Reinhart FoodService, LLC
pryagelski@rothmangordon.com
jdmyers@rothmangordon.com

*Maria Miksich on behalf of Creditor PNC BANK, NATIONAL ASSOCIATION*
*mmiksich@kmllawgroup.com*

*Brian Nicholas on behalf of Creditor PNC BANK, NATIONAL ASSOCIATION*
*bnicholas@kmllawgroup.com*
*John R. O'Keefe, Jr. on behalf of Creditor Dollar Bank, Federal Savings Bank*
*jokeefe@metzlewis.com*

Brian C. Thompson on behalf of Debtor Ronald G Linaburg
bthompson@ThompsonAttorney.com,
blemon@thompsonattorney.com;
bthompson@ecf.courtdrive.com;
jcastello@thompsonattorney.com;
kfinke@thompsonattorney.com

S. James Wallace on behalf of Creditor Peoples Natural Gas Company LLC
ecfpeoples@grblaw.com,
Equitablebankruptcy@peoples-gas.com

*/s/ John J. Berry*
John J. Berry, Esquire

12

13